## GLENN *v.* SUMNER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 67. Argued November 5, 1889. — Decided November 18, 1889.

When the answer, in an action at law, both denies the plaintiff's allegations and sets up matters in avoidance, and the jury return a general verdict for the defendant upon all the issues, he is entitled to judgment, notwithstanding any error in rulings upon the matters in avoidance, or any statements of fact in that part of the answer setting up those matters, or in a bill of exceptions to such rulings.

THIS was an action brought November 16, 1883, in the Circuit Court of the United States for the Western District of North Carolina by John Glenn, as trustee of the National Express and Transportation Company, against Thomas J. Sumner to recover $7500 for an assessment on shares held by him in that company.

The complaint contained the following allegations:

"1st. That the plaintiff is and was at the time of issuing the summons in this case a citizen of Maryland, and the defendant a citizen of the Western District of the State of North Carolina.

"2d. That the defendant is indebted to the plaintiff in the sum of seven thousand five hundred dollars, for that the defendant, on or about the first day of November, 1865, subscribed for two hundred and fifty shares of the capital stock of the National Express and Transportation Company, a body corporate of the State of Virginia duly incorporated under the laws thereof, and thereby undertook and promised to pay to said company for each and every share so subscribed for by said defendant the sum of one hundred dollars in such instalments and at such times as said defendant might be lawfully called upon and required to pay the same, according to the legal tenor and effect of the law under which said company was incorporated, whereby and by force of said subscription said defendant became and was received and admitted as stockholder in said company."

3d. That on September 20, 1866, the company made a deed of assignment of all its property, rights and credits to trustees for the benefit of its creditors.

4th. That on December 14, 1880, by a decree of the Chancery Court of Richmond in the State of Virginia, the plaintiff was substituted as sole trustee under that deed, and it was adjudged that the sum of eighty dollars a share had never been paid or called for, and an assessment of thirty dollars a share was made upon the stock and stockholders of the company to pay its debts under the deed of trust.

5th. That the plaintiff accepted and qualified as such trustee.

6th. That by force of that decree and of the statutes of Virginia, he was authorized to receive and collect the assessment.

" 7th. That by force of said contract of subscription to the stock of said company, and of said call and assessment so made by said decree, the said defendant became and is indebted and liable to pay to the plaintiff the sum of seven thousand five hundred dollars, being the amount of thirty dollars on each of said shares of the stock of said company so as aforesaid subscribed for by said defendant; and, being so liable to pay, the said defendant, in consideration thereof, promised to pay said sum to the plaintiff when thereto requested; and the defendant, although requested by the plaintiff, failed and refused to pay the same to the plaintiff and still refuses so to do."

The answer set up four defences, as follows:

1st. Admitting the first paragraph of the complaint; and alleging that the second paragraph, as well as the seventh, " is not true as the defendant is informed, advised and believes;" and that " the defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third, fourth, fifth and sixth paragraphs of the complaint."

2d. The statute of limitations of three years; and the statute of limitations of ten years.

3d. That in November, 1865, the defendant subscribed for thirty shares in the company, but never received any certificate of stock or other evidence of subscription, or paid any assessment, or was notified to do so, and soon afterwards, in good faith, and while the company was free from debt, transferred all his right and interest in the subscription to one Hart, who was perfectly solvent, and Hart was immediately afterwards accepted by the company as a stockholder in the place and stead of the defendant; and " that more than ten years had elapsed since the transfer of the defendant's subscription as aforesaid to the said Hart, next before the commencement of this action, and defendant pleads the statute of limitations to such case in bar of the same."

4th. A discharge in bankruptcy, granted to the defendant

by the District Court of the United States on May 31, 1879, under proceedings commenced in August, 1875.

The record, after setting out these pleadings, stated that the case was tried by a jury; that the jury " for their verdict say that they find all the issues in favor of the defendant," and that thereupon judgment was entered as follows: " This case coming on to be tried at said term of the Circuit Court aforesaid by a jury, and a verdict having been rendered finding all the issues raised by pleadings in favor of the defendant, it is now, on motion of Jones & Johnston, attorneys for the defendant, considered and adjudged by the court that the plaintiff take nothing by his said writ."

The record set forth the following bill of exceptions tendered by the defendant and allowed by the court: " The plaintiff excepts to the ruling of the court, and for cause of exception shows that upon the trial it was proved that the defendant was a stockholder in the National Express and Transportation Company; that at the time of the organization of said corporation he paid twenty per cent on his said stock, and the residue was unpaid; that the said corporation suspended business because insolvent, and made a deed of trust to trustees to secure its creditors in the year 1866; that in the year 1875 the defendant filed his voluntary petition in bankruptcy in said district, and was thereafter adjudged a bankrupt, and discharged from all his debts and liabilities in the year 1879." The bill of exceptions then set forth the substance of the decree of the Chancery Court of Richmond, as stated in the complaint, and continued and concluded as follows:

" This suit was brought to recover of the defendant thirty per cent of the par value of the two hundred and fifty shares of stock held by him. The answer shows the defences set up, which include the plea of his discharge in bankruptcy, in bar of recovery. The plaintiff contended that it was not a provable debt at the time of filing the petition in bankruptcy. The court held that it was a provable debt and that the discharge barred it, and so instructed the jury. Verdict for defendant." The defendant sued out this writ of error.

, *Mr. Charles Marshall* and *Mr. John Howard* for plaintiff in error.

*Mr. S. F. Phillips* for defendant in error.

Mr. Justice Gray delivered the opinion of the court.

The sufficiency and scope of pleadings, and the form and effect of verdicts, in actions at law, are matters in which the Circuit Courts of the United States are governed by the practice of the courts of the State in which they are held. Rev. Stat. § 914; *Bond* v. *Dustin*, 112 U. S. 604.

By the Code of Civil Procedure of North Carolina, the complaint is required to contain a plain and concise statement of the facts constituting the cause of action, and to have each material allegation distinctly numbered. § 93. The answer must contain "a general or special denial of each material allegation controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief," and "a statement of any new matter constituting a defence or counterclaim, in ordinary and concise language." § 100. In the absence of a counterclaim, no replication is necessary, unless ordered by the court. § 105. A general verdict is defined to be one "by which the jury pronounce generally upon all or any of the issues." § 232.

In the present action, brought by the trustee under an assignment from an insolvent corporation to recover an assessment upon its stock, the allegations concerning the defendant's subscription for shares, and his liability, by reason of his contract of subscription and of the assessment made thereon by a court of chancery, were contained in the second and seventh paragraphs of the complaint, and their truth was specifically denied in the first defence set up in the answer. The pleadings therefore distinctly presented the issue, whether the defendant made the subscription and was liable for the assessment, as well as the issues of the statutes of limitations and of a discharge in bankruptcy.

In the record sent up, the verdict unequivocally states that

the jury "find all issues in favor of the defendant," and the judgment repeats that " all the issues raised by the pleadings" were so found. This necessarily includes a finding that the defendant was never liable to pay the assessment. This explicit finding cannot be controlled by statements of fact in those parts of the answer which set up as independent defences matters in avoidance, or in a bill of exceptions relating to one of those defences only. Such statements, made for the purpose of presenting the issue to which they relate, are not evidence upon any other issue in the same record. As held by Chief Justice Marshall, sitting in the Circuit Court for the District of North Carolina, where the law authorizes a defendant to plead several pleas, he may use each plea in his defence, and the admissions unavoidably contained in one cannot be used against him in another. *Whitaker* v. *Freeman*, 1 Dev. 270, 280. See, also, *Knight* v. *McDouall*, 12 Ad. & El. 438, 442; *Gould* v. *Oliver*, 2 Man. & Gr. 208, 234; *S. C.* 2 Scott N. R. 241, 262.

The finding of the jury, that the defendant never subscribed for the shares or was liable to pay the assessment, constitutes of itself a conclusive determination of the case in his favor. Consequently, the ruling of the Circuit Court upon the question, stated in the bill of exceptions and principally argued at the bar, of the effect of the discharge in bankruptcy, is wholly immaterial, and cannot have prejudiced the plaintiff, for, however that question should be decided, the defendant would be entitled to judgment upon the verdict. *Evans* v. *Pike*, 118 U. S. 241; *Moores* v. *National Bank*, 104 U. S. 625 ; *Morisey* v. *Bunting*, 1 Dev. 3.

*Judgment affirmed.*