### UNITED STATES v. STEPHANIDIS et al.

### No. 232.

Circuit Court of Appeals, Second Circuit.

Feb. 2, 1931.

See also 41 F.(2d) 958, 960; 46 F.(2d) 691.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Alfred C. McKenzie, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Charles R. Hickox and Richard L. Sullivan, both of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

No bill of exceptions was settled and allowed; consequently the only question open for our consideration is whether the judgment could properly be rendered under the pleadings. Reilly v. Beekman, 24 F.(2d) 791 (C. C. A. 2).

The complaint alleges the making of a contract, attached as an exhibit, by which plaintiff agreed to sell, and the defendant Stephen D. Stephanidis agreed to buy, the steamship Kilpatrick; the giving of a bond with sureties to secure performance of the purchaser's obligations; full performance by plaintiff of its contract obligations, including delivery of the vessel to the purchaser (paragraphs 10 and 11); failure by the latter to pay installments of the price as they became due, by reason whereof the remaining installments, amounting to $106,250, became immediately due (paragraph 13); demand of payment from the sureties; and failure by the defendants to pay. The complaint also contained allegations as to an extension agreement, which need not be set out, under which nothing was ever done and for which no consideration passed to plaintiff (paragraphs 7 and 12). The answer of the appellee denied the allegations of paragraphs 10, 11, 12, and 13, and set up, as additional defenses, breach

of warranty by the plaintiff, and the making of the extension agreement.

The appellant contends that the judgment cannot be sustained upon the pleadings because the eighth paragraph of the complaint, which was not denied by appellee's answer, alleged that, in accordance with the terms of the contract, Stephen D. Stephanidis paid to plaintiff "the sum of $18,750 under date of January 28, 1921, leaving a balance due on the purchase price of the sum of $106,250, no part of which has been paid although duly demanded." It is urged that the failure to deny this allegation was an admission that so much was due. January 28, 1921, was the date the contract was executed. The allegation that a payment on that date left a balance "due" cannot reasonably mean that the balance was then payable, but means merely that that was the balance to become due, for the contract itself provided for payment in installments at dates set out in the fourth paragraph of the complaint. Moreover, the thirteenth paragraph alleges that, "when the installments hereinabove enumerated became due and payable," the purchaser defaulted, and thereby "the whole remaining balance of the purchase price, towit: the sum of $106,250 became immediately due and payable." Consequently the failure to deny the eighth paragraph was merely an admission that the stated balance was due to be paid in accordance with the terms of the contract. By denying the allegations of paragraphs 10, 11, and 13, the appellee denied directly that plaintiff had performed its part of the contract, or had delivered the vessel, or that the principal had defaulted on installments, thereby making the balance of the price immediately payable. These denials raised issues of fact which we must assume plaintiff failed to establish, since the evidence is not before us and every presumption must be indulged in favor of the judgment. Reilly v. Beekman, supra.

It is true that appellee's separate defense setting up a breach of warranty admits that title to the vessel passed to the purchaser, and is inconsistent with its general denials; but no contention has been, or could be, made that inconsistent defenses may not be raised in separate pleas, or that an admission in one plea may be used by a plaintiff to prove his case against a different plea which denies it. See Glenn v. Sumner, 132 U. S. 152, 157, 10 S. Ct. 41, 33 L. Ed. 301.

Consequently we are obliged to affirm on the narrow ground that the general denials of the answer are sufficient to support the judgment of dismissal. The effect of the extension agreement need not be considered; nor is the refusal of the court to settle a bill of exceptions before us on this appeal.

Judgment affirmed.