**DETROIT CITY GAS CO. et al. v. SYME.**

Nos. 8072, 8073.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1940.

Walter Meek, of Detroit, Mich. (Angell, Turner, Dyer & Meek, of Detroit, Mich., on the brief), for appellant Detroit City Gas Co.

Fred H. Aldrich, of Detroit, Mich. (Fred H. Aldrich and Kenneth W. Smith, both of Detroit, Mich., on the brief), for appellant Joseph P. Smith, Sr.

Leo J. Carrigan, of Detroit, Mich. (Frederick, Comb & Wolff and Leo J. Carrigan, all of Detroit, Mich., on the brief), for appellee Janet Syme.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

In a tort action against the appellants as defendants wherein the declaration alleged both a joint and several liability to the appellee for the death of the decedent, the jury returned the following verdict: "We find both defendants negligent and liable to the plaintiff in the sum of $10,000 (or $5,000 each)."

The judgment entered by the court was in the amount of $10,000 against both defendants, and a motion to set it aside as not in accordance with and supported by the verdict, was denied. For this and other assigned errors, each of the defendants brings a separate appeal.

The death of the decedent was due to carbon monoxide poisoning caused by fumes from a gas burning water heater in the bathroom of his home. The appellant Smith is the owner of the premises wherein the deceased died, the gas company furnished the gas supplied to the water heater and made some adjustment to the heater shortly before the date of death. The deceased was not a tenant, but lived with his sister and brother-in-law who rented the dwelling from Smith. On December 31, 1935, he lighted the gas burner in the bathroom on the first floor of the home, and when the water was sufficiently heated, entered the room and closed the door. Some 15 or 20 minutes later his father, receiving no response, broke down the door and found him on the floor. He was still alive, though there is dispute as to whether he was conscious. First aid administered by a physician and the pulmotor squad of the Fire Department failed to revive him and some 45 minutes later he was declared dead. That the death resulted from carbon monoxide poisoning is not disputed and the action was brought under the Michigan Survival Act. Comp.Laws Mich. § 14040 et seq.

In support of the alleged negligence of the owner of the premises, there is evidence that the vent flue from the gas heater passed through the ceiling of the bathroom and terminated in an enclosed attic, in violation of the Ordinances of the City of Detroit, which require that all such gas heaters be equipped with flues to carry exhaust gases out of doors, and there is evidence that immediately after the accident the flue pipe was found clogged with rust or dirt. Supporting the claim of negligence by the gas company, there is evidence that its serviceman made adjustments to the burner of the heater three days prior to the death, and that following such adjustments there was an odor in the bathroom when the heater was burning, from which the occupants of the dwelling suffered headaches and became easily tired when in and around the room. Neither defendant had knowledge of or suspected that the flue pipe was clogged or that it discharged into the attic rather than out of doors. The medical testimony was to the effect that carbon monoxide gas, when breathed into the lungs, forms a chemical combination with the red corpuscles of the blood preventing them from carrying the required amount of oxygen to other parts of the body.

We consider the evidence bearing upon the negligence of each of the defendants as substantial, requiring submission of an issue as to the liability of each to the jury, and sustaining a finding of negligence on the part of either or both bearing a causal relation to the accident. It has been said too often to require citation, that this court will not pass upon the weight of evidence, determine its preponderance or the credibility of witnesses, or otherwise invade the province of the jury. We attach no significance to the fact that the deceased was not a tenant, but a mere licensee. The suit was one sounding in tort requiring no contractual relationship to support recovery. The City Ordinances impose upon the owner of property a specific duty, and if failure to perform it is the proximate cause of the accident, he may be held to account. Annis v. Britton, 232 Mich. 291, 205 N.W. 128. The gas company was under obligation to use reasonable care in the adjustment of the heater and is liable for all reasonably expectable consequences proximately flowing from a breach of such obligation. Nor do we find error in the submission of the cause to the jury under the Survival Act. It is the law of Michigan that if the death be not instantaneous there may be recovery under the statute. Wood v. Standard Drug Company, 190 Mich. 654, 157 N.W. 403. There was no question of fact upon this issue to submit to the jury.

The important question in the case, as we view it, is whether the judgment responds to the verdict. Upon it we are bound by state law. Glenn v. Sumner, 132 U.S. 152, 10 S.Ct. 41, 33 L.Ed. 301; Knight v. Illinois Central Ry. Co., 6 Cir., 180 F. 368. In Rathbone v. Detroit United Ry., 187 Mich. 586, 154 N.W. 143, there was a

verdict not substantially dissimilar, being: "Verdict for plaintiff, $10,000—against the Detroit United Ry., $6,000; against Good Roads Construction Company, $4,000." The judgment was against both defendants in the sum of $10,000, and it was set aside. The argument that the verdict for plaintiff in the sum of $10,000, being proper, supported the judgment and that the improper attempt to fix the relative liability of the defendants, might be disregarded as surplusage, was rejected on the ground that the jury having fixed the liability of the appealing defendant at $6,000 it could not have been supposed that it would subject it to a judgment for $10,000, otherwise the $6,000 verdict might not have taken the form that it did. The contention that the verdict in the Rathbone case was for the plaintiff in the sum of $10,000, whereas here it was against the defendants in the sum of $10,000, and the cases are thus distinguishable, is a mere play upon words. It is clear that the present jury, as that in the Rathbone case, undertook to apportion the liability as to each of the defendants.

There was error in entering a judgment which subjected each of the defendants to a liability of $10,000 upon a verdict which limited the liability of each to $5,000. There was likewise error in receiving a verdict which undertook to apportion the liability. Had the judgment responded to the verdict, the defendants would have had no right on this score to complain, though the plaintiff might have appealed since she asked for judgment against both defendants for a joint wrong, and there was evidence to sustain her claim. Joint tortfeasors have no right to determine whether they shall be jointly or separately sued for their wrong. This right rests with the party aggrieved and if he elects to sue them jointly he is entitled to a verdict responding to his allegations so that he may have judgment for his entire damages against both of the wrongdoers. Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co., 4 Cir., 11 F.2d 87; Hooks v. Vet, 5 Cir., 192 F. 314.

Since the judgment must be set aside under compulsion of the decision in the Rathbone case, and since upon retrial a finding of negligence against both defendants can justify but a single verdict against both since recovery is for compensation and not as a penalty, it is important to observe that a verdict should not be received against both except in one lump sum. While the court properly instructed the jury in this respect, it failed to insist that the jury follow its instructions. It is true that there is authority for the position that the court may ignore the apportionment as surplusage. Lake Erie & W. R. Co. v. Halleck, 78 Ind.App. 495, 136 N.E. 39; Washington Market Co. v. Clagett, 19 App.D.C. 12; Schoat v. Marriott, 119 Misc. 92, 194 N.Y. S. 849, but it is not followed in Michigan, nor in some other jurisdictions where the amount found against each defendant is the very essence of the verdict and the amount awarded cannot be stricken out without destroying the verdict in its entirety. Ohio Valley Bank v. Greenebaum, supra.

While there is doubt that the objection of the appellants to the charge of the court upon proximate cause was properly preserved for review, and they failed to indicate the language complained of, it nevertheless becomes necessary, in the event of retrial, that their grievance in this respect, be understood so that error may not be repeated. The court properly charged the jury that to entitle the plaintiff to recover, the negligence must be established as the proximate cause of the accident, and that there may be more than one cause proximately contributing to the accident, but in defining the meaning of proximate cause the jury was told: "If it is something without which the happening of the accident would not have happened then it is proximate cause. In other words, if it did not exist the accident would not have existed." This is but the statement of the rule of proximate cause condemned in the argot of the law schools as the "if, but for," rule. It fails to distinguish between efficient and inefficient causes; between remote and immediate causes; between circumstances that are causes and those that are mere conditions; and fails to admit of the possibility of an efficient intervening cause which, notwithstanding other causes, may come to be in some circumstances, the sole efficient cause of the accident, and so its proximate cause. Perhaps the phrase has been best illuminated in Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U.S. 469, 475, 24 L.Ed. 256: "It is generally held, that in order to warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light

370

of the attending circumstances. * .* * We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. * * * The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self operating, which produced the injury."

See also Johnson v. Kosmos Portland Cement Co., 6 Cir., 64 F.2d 193; Luck v. Gregory, 257 Mich. 562, 241 N.W. 862, 244 N.W. 155; Stoll v. Laubengayer, 174 Mich. 701, 140 N.W. 532.

Reversed and remanded for new trial in conformity herewith.