275 F.2d 466
 William H. McPHERSON and McPherson Broach & Machine Company, a Corporation, Third-Parties Defendant and Appellants,
v.
Gerrit HOFFMAN, Plaintiff and Appellee (Chesapeake & Ohio Railway Company, a Virginia Corporation, Defendant, Third-Party Plaintiff and Appellee).
CHESAPEAKE & OHIO RAILWAY COMPANY, a Virginia Corporation, Defendant and Third-Party Plaintiff, Appellant (William H. McPherson and McPherson Broach & Machine Company, Third Parties Defendant),
v.
Gerrit HOFFMAN, Plaintiff and Appellee.
 No. 13863.
 No. 13864.
 United States Court of Appeals Sixth Circuit.
 February 25, 1960.
 
 COPYRIGHT MATERIAL OMITTED James K. Brooker, Smith, Brooker & Harvey, Bay City, Mich., on brief for Wm. H. McPherson, etc.
 Robert A. Straub and Robert B. Seeley, Detroit, Mich., and Jerome Weadock, Saginaw, Mich., on brief for Chesapeake & Ohio R. Co.
 John Purcell, of Heilman & Purcell, Saginaw, Mich., on brief for Gerrit Hoffman.
 Before MARTIN, MILLER and CECIL, Circuit Judges.
 CECIL, Circuit Judge.
 
 
 1
 These two appeals are from a judgment in a case tried in the United States District Court for the Northern Division of the Eastern District of Michigan.
 
 
 2
 Gerrit Hoffman, plaintiff and appellee, a resident and citizen of the State of Michigan, instituted suit under the Federal Employers' Liability Act, Section 51, Title 45 U.S.C.A. against The Chesapeake and Ohio Railway Company, a Virginia corporation, to recover damages for injuries sustained in an automobile collision which occurred March 26, 1957.
 
 
 3
 On the day of the accident Hoffman, an employee of the defendant railroad, along with several other employees, was being transported in a truck of the defendant operated by one of its employees, from Saginaw to a place near Flint where the employees were to perform some work for the defendant. While they were en route, the truck of the defendant collided with an automobile driven by William H. McPherson and owned by McPherson Broach and Machine Company. The plaintiff sustained injuries to his body, and particularly his arm, which he claims are of a permanent nature.
 
 
 4
 The Chesapeake and Ohio Railway Company as third party plaintiff, and with the approval of the court, brought in William H. McPherson and McPherson Broach and Machine Company as third-parties defendant. (The Chesapeake and Ohio Railway Company will be sometimes referred to as Chesapeake or Chesapeake and Ohio or the Railroad. William H. McPherson and McPherson Broach and Machine Company will sometimes be referred to as the McPhersons.) The third-party complaint alleged in substance that the accident was caused by the sole negligence of the driver of the McPherson Broach and Machine Company automobile. Both the driver and the company are residents of the State of Michigan.
 
 
 5
 Rule 14(a), F.R.Civ.P., 28 U.S. C.A. provides, "Before the service of his answer a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."
 
 
 6
 The theory of this rule is indemnity, that is, liability over from the third-party defendant to the defendant. Moore's Federal Practice, Vol. 3, Section 14.16 (2d Ed.) Counsel for the Chesapeake and Ohio argue in their brief that they were entitled to such indemnity from the third-parties defendant.
 
 
 7
 The Trial Judge tried the case to a jury as though the defendants had been sued by the plaintiff jointly as joint tort feasors. A verdict was returned in favor of the plaintiff against both McPhersons and Chesapeake in the sum of $30,000. The court entered a joint and several judgment for this amount against the defendant and third-parties defendant.
 
 
 8
 At the conclusion of all the evidence the third-parties defendant moved for a directed verdict against the plaintiff, Gerrit Hoffman, and for dismissal from the case on the ground that there was no diversity of citizenship between the parties. This motion was overruled.
 
 
 9
 The defendant and the third-parties defendant made appropriate motions after judgment designed to raise the various questions with which we are now confronted. All motions were overruled.
 
 
 10
 We take up first whether or not the third-party complaint stated a claim against third-parties defendant. It charged the McPhersons with being solely responsible for the accident through their negligence. If this were true there was no liability against Chesapeake and Ohio and it would have had a complete defense; that it was not negligent. In the alternative, they might both be negligent, in which event they would be joint tort feasors. In either case the Chesapeake and Ohio would not be entitled to indemnity.
 
 
 11
 The question thus presented was decided by this Court in The Detroit Edison Company v. Price Brothers Company, 6 Cir., 249 F.2d 3. On the authority of that decision we hold that the third-party complaint did not state a valid claim for relief against the McPhersons. The same question arose in Baltimore & Ohio Railroad Co. v. Saunders, 4 Cir., 159 F.2d 481.
 
 
 12
 Furthermore the plaintiff had a right to determine for himself whom he would sue. He might have sued the Railroad Company and the McPhersons jointly or he might have sued either separately. "Joint tort feasors have no right to determine whether they shall be jointly or separately sued for their wrong. This right rests with the party aggrieved and if he elects to sue them jointly he is entitled to a verdict responding to his allegations so that he may have judgment for his entire damages against both of the wrongdoers." Detroit City Gas Co. v. Syme, 6 Cir., 109 F.2d 366, 369. After he had made his choice, neither the court nor the defendant could add another party defendant for him.
 
 
 13
 In Baltimore & Ohio Railroad Co. v. Saunders, cited above, the Court said, 159 F.2d at page 483: "The discretion was properly exercised here in denying a motion which would have required plaintiffs to litigate a cause of action which they did not assert in their complaint against parties whom they did not join as defendants, and whose joinder, if they had been joined, would have defeated the jurisdiction of the court." See also Wolfe v. Johnson, D.C., 21 F.R.D. 280.
 
 
 14
 Under the Federal Employers' Liability Act the plaintiff could bring his action against the Railroad in Federal Court without diversity of citizenship. Section 56, Title 45 U.S.C.A. He could not have sued the McPhersons in Federal Court separately nor could he have joined them with Chesapeake and Ohio because there was no diversity of citizenship between him and the McPhersons. Section 1332, Title 28 U.S.C. What he could not do directly could not be done for him indirectly. The court did not have jurisdiction to enter a judgment against third-parties defendant in favor of the plaintiff Hoffman. Jurisdiction cannot be waived.
 
 
 15
 At the conclusion of all the evidence the Trial Judge asked counsel for the plaintiff if he wished to amend to include the McPhersons as parties defendant. He replied that he did but no amendment was made. Such an amendment would be of no avail to give the court jurisdiction. See Moore's Federal Practice, supra, Section 14.27; also Baltimore & Ohio Railroad Co. v. Saunders, supra, 159 F.2d 481.
 
 
 16
 "It is difficult to comprehend why this Court should now have jurisdiction over a claim of a New York plaintiff against a New York defendant after they are brought together through the circuitous means of a third party complaint and then an amended main complaint, whereas had the procedure been direct no jurisdiction would have existed. Jurisdiction cannot be based upon any theory of an ancillary proceeding, for by reason of the amended complaint there no longer is any main action in which diversity exists. Nor does this case fall within the principles of the rule that once having had jurisdiction, this Court retains jurisdiction. Here there never was jurisdiction over any claim of the plaintiff against Lorrac Real Estate Corporation. Moreover, to accept jurisdiction herein might open the door to circumvention of the diversity rule by use of a friendly original defendant." Hoskie v. Prudential Ins. Co. of America (Lorrac Real Estate Corp.), D.C., 39 F. Supp. 305, 306.
 
 
 17
 The motion of the third-parties defendant to dismiss made at the close of all the evidence should have been sustained.
 
 
 18
 The appellant Chesapeake and Ohio Railway Company presents twenty-two questions for the consideration of the court on its appeal. These involve sufficiency of the evidence, excessive verdict, errors in the charge of the court and error in refusing to give certain requested charges.
 
 
 19
 Upon a review of all of the evidence we are of the opinion that it was sufficient to require submission to the jury on the question of the negligence of the railroad company. Section 51, Title 45 U.S.C.A. provides that if the negligence of the railroad "in whole or in part" causes injury it is liable in damages for such injury. The Supreme Court has held a minimum of evidence sufficient to present a jury question in these Federal Employee Liability cases. Ringhiser v. Chesapeake & Ohio Railway Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268.
 
 
 20
 The Trial Judge ruled as a matter of law that the plaintiff was not guilty of contributory negligence. There is evidence that the plaintiff told the driver that it was dangerous to ride in the truck with the tools loaded as they were. In spite of this he rode in the truck. The jury might have found that he should not have taken this chance or possibly that he could have rearranged the tools. Jurors are intelligent enough to make a correct determination under proper instructions. The question should have been submitted to the jury.
 
 
 21
 In view of our decision that this case must be retried it is unnecessary to pass on the claim that the verdict is excessive.
 
 
 22
 The alleged errors in the general charge of the court are not properly before the court for review. At the conclusion of the charge counsel for Chesapeake and Ohio asked the court several questions which were answered. There was considerable colloquy between all of the lawyers and the judge before the jury was permitted to begin its deliberations. Just after the jury retired, Mr. Straub said: "We have our objections on the record, don't we, to the charge?" At no time were specific objections made to the parts of the charge now set forth in the brief. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51 F.R.Civ.P.
 
 
 23
 The Trial Judge said very little in his general charge concerning the rights and duties of the parties under the Federal Employers' Liability Act. Written Request No. 7 was directed to the nature and extent of the duty of the railroad company to furnish the plaintiff a safe place in which to work. It should have been given either as stated or in the judge's own language. Bailey v. Central Vermont Ry., 319 U.S. 350, 352, 63 S.Ct. 1062, 87 L.Ed. 1444; Anderson v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 227 F.2d 91, 97.
 
 
 24
 Requests 2 and 8 were given in substance. No. 2 defines proximate cause. It is a correct statement and in this type of case it would have been more appropriate than the brief definition given by the court. No error is found by reason of the failure to give it verbatim as requested.
 
 
 25
 The instruction on the measure of damages in the general charge was hardly adequate to advise the jury as to what items to consider and how to arrive at the proper amount of a verdict. Therefore the substance of 9, 10 and 11 should have been given. Hallada v. Great Northern Railway, 1955, 244 Minn. 81, 95, 69 N.W.2d 673, 685.
 
 
 26
 Request No. 24 should have been given either verbatim or in the judge's own language. The evidence is to the effect that the plaintiff had a disability of 10 to 25% which would be permanent. He was not therefore totally disabled and the jury should have been instructed that they could not allow damages for total and permanent disability.
 
 
 27
 Finally, aside from the errors in refusing to give written requests, should the verdict stand against the Chesapeake and Ohio Railway Company after ordering the third-parties defendant dismissed? This would seem grossly unfair and prejudicial to Chesapeake. The jury was instructed that it could return a verdict against both defendants or the McPhersons alone but that it could not return a verdict against only Chesapeake and Ohio. Comparatively the responsibility of McPhersons for the accident was greatly magnified over that of Chesapeake. The verdict was substantial and there is no way of determining how the jury arrived at it. It seems reasonable that this Court ought not translate the jury's verdict against two defendants into one against only one defendant and thus accomplish by judicial review what the jurors were told they could not do.
 
 
 28
 By reason of the errors enumerated above and the prejudicial effect on Chesapeake to have been tried jointly with McPhersons we conclude that the case should be remanded to the District Court for a new trial. On a retrial of this case more adequate instructions should be given on measure of damages, proximate cause and the rights, and duties of the parties under the Federal Employers' Liability Act.
 
 
 29
 The judgment of the District Court is reversed and the case is remanded to that court with instructions to dismiss the third-party defendant and for a new trial of the issues between Gerrit Hoffman and The Chesapeake and Ohio Railway Company.