NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0114n.06

Case No. 25-1169

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 10, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JUDY FLUMMERFELT; FRANCES RIDENOUR; ANTHONY HAMILTON; HOLLY HAMILTON, | ) ) ) |
| Plaintiffs - Appellees, | ) ) |
| v. | ) ) ) ) |
| CITY OF TAYLOR, MICHIGAN; RICHARD SOLLARS; JEFFREY BAUM; REALTY TRANSITION LLC; TAYLOR REHAB TWO LLC; TAYLOR SOUTH LLC; SHADY AWAD; HADIR ALTOON; ABIGAIL INVESTMENTS, LLC | ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| WAYNE COUNTY, MICHIGAN TREASURER, Eric Sabree | ) ) ) |
| Defendant - Appellant. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O P I N I O N

Before: McKEAGUE, LARSEN, and RITZ, Circuit Judges.

McKEAGUE, Circuit Judge. Plaintiffs Judy Flumerfelt,[1] Frances Ridenour, Anthony Hamilton, and Holly Hamilton sued Wayne County, Michigan; the City of Taylor, Michigan; Richard Sollars (the former Mayor of Taylor); and a number of other City of Taylor officials, residents, and businesses for their roles in an alleged plan to deprive Plaintiffs of their properties without just compensation. Even though the scheme outlined in Plaintiffs' amended complaint raises multiple claims and implicates numerous defendants, our jurisdiction in this interlocutory

---

[1] The district court (and corresponding appellate) docket misspells Flumerfelt's name as "Flummerfelt."

appeal is limited. We are asked to consider only whether the Wayne County Treasurer—Eric Sabree—is protected by Eleventh Amendment sovereign immunity. But we must answer a threshold question first: who did Plaintiffs sue? The record makes clear that Plaintiffs sued Wayne County, not its treasurer. Sovereign immunity does not bar Plaintiffs' claims against Wayne County, and sovereign immunity of the Wayne County Treasurer is irrelevant. We AFFIRM the district court's denial of sovereign immunity but clarify that Wayne County is the named defendant, not the Wayne County Treasurer.

## I. BACKGROUND

### A. Factual Background

This case stems from the administration of Michigan's delinquent-tax foreclosure scheme. Under the Michigan General Property Tax Act, when an individual fails to pay taxes, the government can foreclose on the tax-delinquent property. Mich. Comp. Laws § 211.78(3), (6). A county can elect to seek foreclosures, in which case it would designate its treasurer as the "foreclosing governmental unit," a term the statute uses to describe a treasurer who conducts foreclosures on behalf of a county. *Id.* § 211.78(3), (8); *Bowles v. Sabree*, No. 22-1912, 2024 WL 1550833, at *1 (6th Cir. Apr. 10, 2024). If a county takes this "voluntary" step of designating its treasurer as the foreclosing governmental unit, Mich. Comp. Laws § 211.78(6), then the county's treasurer is bound by state law to follow a specific foreclosure process, *see id.* § 211.78h; *see also Bowles*, 2024 WL 1550833, at *1-3. Alternatively, a county can elect for the state to act as the foreclosing governmental unit. Mich. Comp. Laws § 211.78(3), (8)(a)(ii).

Wayne County elected to seek foreclosures under the Michigan General Property Tax Act. And between 2015 and 2018, Wayne County—through its treasurer—initiated foreclosure proceedings on each of Plaintiffs' properties. Plaintiffs allege that after the treasurer conducted foreclosure proceedings through the process mandated by state law, the City of Taylor bought the titles for Plaintiffs' properties and sold them to third parties (other named defendants) for cents on

the dollar, which deprived Plaintiffs of any surplus value gained from the transactions. This lawsuit followed.

### B. Procedural History

The procedural history is messy, but the dust settles neatly to resolve this appeal. Plaintiffs argue that they sued Wayne County, but the Wayne County Treasurer insists he is the named defendant rather than the county itself. Discussing the details of the procedural history helps disentangle the web of confusion regarding the proper parties in this matter.

In short, Wayne County's inexplicably contradictory pleading makes this case appear much harder and more complicated than it seems at first glance. But there is no reasonable basis to dispute the district court's initial (and correct) conclusion that Wayne County is the named defendant in this lawsuit. Wayne County and its treasurer ignored Plaintiffs' pleadings, the district court's findings, and its own concessions in an attempt to substitute in the Wayne County Treasurer as the defendant and assert the defense of sovereign immunity. We reject this procedural gamesmanship that appears to have confused Plaintiffs and the district court, and we restore this lawsuit to its proper form to reinforce basic civil procedure principles that respect a court's initial decisions and allow a plaintiff to choose the parties they sue.

### 1. Initiating the Lawsuit

From the beginning, the amended complaint—both in the caption and the substance of the allegations—listed only Wayne County as a defendant. It did not list the Wayne County Treasurer as a defendant.[2] Plaintiffs sued Wayne County for federal constitutional violations (under the

---

[2] Nor did the initial complaint list the Wayne County Treasurer as a defendant; Plaintiffs have always framed their claims against Wayne County itself. While the initial complaint had one allegation that mentioned "Defendant[] Wayne County Treasurer," Compl., R.1 at PageID 20, the caption and all other allegations referred to "Wayne County" as the defendant subject to the lawsuit, *e.g.*, *id.* at PageID 1, 2, 10-11, 19, 21. Further, the amended complaint removed the reference to "Defendant[] Wayne County

Takings Clause as well as substantive and procedural due process) and a state-law inverse condemnation claim.

But even though the amended complaint made clear that Wayne County was the defendant rather than the Wayne County Treasurer, there was a clerical mistake on the summons. The court issued a summons for "Wayne County Treasurer." Summons, R.9 at PageID 120. Adding to the confusion, the county official who accepted the summons appears to have done so on behalf of both "Wayne County Treasurer" and "the County Clerk." *Id.* Two attorneys from the same law firm filed appearances on behalf of "Defendant Wayne County Treasurer."

## 2. First Motion to Dismiss

Operating as if a named defendant, the Wayne County Treasurer filed a motion to dismiss, asserting that Plaintiffs raised four claims "against the Treasurer." Mot. to Dismiss First Am. Compl., R.46 at PageID 316. The Wayne County Treasurer argued that because his foreclosure activity was mandated by state law, he was operating as an arm of the state and should be entitled to sovereign immunity under the Eleventh Amendment. The motion raised no arguments regarding a faulty summons or deficient service. In response, Plaintiffs clarified that "Defendant Wayne County's Motion to Dismiss largely stems from a faulty premise, that Plaintiffs are suing Eric Sabree, the Wayne County Treasurer. But the First Amended Complaint is clear on its face that Plaintiffs are bringing this case against Wayne County itself." Pls.' Resp. to Mot. to Dismiss, R.54 at PageID 453. Plaintiffs continued, quoting their amended complaint with its references to Defendant Wayne County. Three days later, another attorney (from the same law firm as those who made initial appearances on behalf of the Wayne County Treasurer) filed an appearance, identifying as "counsel of record for Defendants Wayne County and Wayne County Treasurer." Despite the amended complaint's clear indication that Plaintiffs named Wayne County as the

---

Treasurer" and was consistent in its references to Defendant Wayne County. *See, e.g.*, Am. Compl., R.6 at PageID 65, 72, 96.

defendant, Plaintiffs' clarifications of their intent to sue Wayne County, and counsel's appearance, the Wayne County Treasurer persisted, relying on the docket and the summons in an attempt to insert himself as the county-affiliated defendant.

The Wayne County Treasurer's motion was referred to a magistrate judge. In a Report and Recommendation analyzing the motion, the magistrate judge concluded that "Plaintiffs sue[d] Wayne County." R. & R. on Mot. to Dismiss, R.79 at PageID 745. It clarified that even though the docket lists the Wayne County Treasurer as a defendant, the amended complaint clearly designated "Wayne County [a]s the proper defendant." *Id.* at PageID 745 n.2. It proceeded to treat the motion to dismiss as if it was filed by Wayne County and analyzed Plaintiffs' claims on the merits, implicitly rejecting the sovereign immunity arguments. The magistrate judge then recommended dismissing the federal Takings Clause violation against Wayne County, but allowing the federal due process and state-law inverse condemnation claims to proceed. As is standard procedure, the parties had 14 days to file specific objections to the Report and Recommendation, and if the parties "raise[d] some issues but fail[ed] to raise others with specificity," those failed-to-raise issues would not be preserved. *Id.* at PageID 764 (citing *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991)).

Docket notation notwithstanding, the attorneys who made their appearances for the Wayne County Treasurer took the magistrate judge's declaration to heart, submitting objections on behalf of Wayne County (in contrast to previous filings that were on behalf of the "Wayne County Treasurer"). *Contrast* Objs. to R. & R., R.80 at PageID 766, *with* Mot. to Dismiss First Am. Compl., R.46 at PageID 302, *and* Mot. to Dismiss Reply Br., R.60 at PageID 523. *See also* Objs. to R. & R., R.80 at PageID 769 ("*Wayne County* states the following two objections . . . ." (emphasis added)). Additionally, the filing acknowledged that Plaintiffs' amended complaint "assert[ed] 4 counts against Wayne County," a shift from its previous argument that Plaintiffs sued the Wayne County Treasurer. *Contrast* Objs. to R. & R., R.80 at PageID 771, *with* Mot. to Dismiss First Am. Compl., R.46 at PageID 316.

Importantly, Wayne County did not object to the Report and Recommendation's conclusion that Wayne County was the named defendant, nor the Report and Recommendation's implicit rejection of the sovereign immunity defense, and the objection did not raise any arguments related to improper service of Wayne County as a defendant. Rather, Wayne County was operating as if it was the party that initially filed the motion to dismiss and there were no procedural irregularities at issue. Also, after Plaintiffs filed objections to the Report and Recommendation, Wayne County responded. And the attorneys who had previously appeared on behalf of the Wayne County Treasurer identified themselves as "Attorneys for Wayne County."

As it pertained to Defendant Wayne County, the district court adopted the Report and Recommendation in part, dismissing the federal Takings Clause claim and allowing the federal procedural due process claim to proceed. But the district court also modified the Report and Recommendation, dismissing the substantive due process claim against Wayne County and abstaining from deciding the state-law inverse condemnation claim (citing *Pullman*[3] abstention). Thus, at that juncture, only the federal procedural due process claim remained active against Wayne County.

### 3. Answer to the Amended Complaint

With the motion to dismiss resolved, the attorneys who had filed objections on behalf of Wayne County filed a responsive pleading. But despite proceeding on behalf of Defendant "Wayne County" in the wake of the Report and Recommendation, the attorneys reversed course and filed the subsequent answer to Plaintiffs' amended complaint on behalf of the "Wayne County Treasurer." Answer, R.99 at PageID 973. Backtracking on the previous concession, and looking past (1) the language in the allegations, (2) the amended complaint's caption, and (3) the adopted conclusion of the Report and Recommendation (to which the county did not object), the Wayne

---

[3] *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

County Treasurer insisted that Plaintiffs actually sued him. But the Wayne County Treasurer's position on this issue immediately comes across as a disingenuous mischaracterization of Plaintiffs' pleadings. The answer's assertion that "the County is not named as a party to this action" is positioned directly below a quoted allegation from the "Parties" section of the amended complaint that explicitly named "Defendant County of Wayne ('Wayne County')" as a party to the lawsuit. Answer, R.99 at PageID 980 (quoting First Am. Compl., R.6 at PageID 72).

**4. Plaintiffs Revive State-Law Inverse Condemnation Claim Against Wayne County**

Six months later, Michigan's appellate court issued an opinion in *Jackson v. Southfield Neighborhood Revitalization Initiative*, 18 N.W.3d 27 (Mich. Ct. App. 2023) (per curiam), which held (in a case similar to the one before us) that plaintiffs could raise inverse condemnation claims against a county, *id.* at 57-58, so Plaintiffs sought leave to amend their complaint to revive their state-law claim against Wayne County. Again, the Treasurer filed a response, arguing that (1) the amendment would be futile due to sovereign immunity, and (2) even if sovereign immunity did not apply, Plaintiffs lacked a legally cognizable claim.

While technically denying Plaintiffs' motion—stating that an amendment was unnecessary because a federal court could revisit *Pullman* abstention at any time—the district court decided it would "no longer abstain from the merits of Plaintiffs' takings/inverse condemnation claim *against Wayne County* under the Michigan Constitution." July 24, 2024 Op. & Order, R.139 at PageID 1546-48 (emphasis added). This meant Plaintiffs' federal procedural due process and state-law inverse condemnation claims against Wayne County remained live. In its Opinion and Order, the district court continued to treat Wayne County as the only county-affiliated defendant subject to Plaintiffs' claims, ignoring the sovereign immunity arguments and making no mention of the Wayne County Treasurer.

**5. Motions to Dismiss and Amend the Complaint**

Less than a month after the district court decided it would consider Plaintiffs' state-law inverse condemnation claim, the Wayne County Treasurer—after the district court deemed "Wayne County" the named defendant—filed a motion to dismiss for lack of subject matter jurisdiction, arguing that he was entitled to sovereign immunity. Two hours later, Plaintiffs filed a motion for leave to file a second amended complaint. Framed as a motion to substitute parties, Plaintiffs sought to ensure that their intent to sue Wayne County—rather than its treasurer—was properly reflected in the operative complaint. And Plaintiffs argued that granting their request would moot the motion for sovereign immunity. These interrelated motions led to the appeal that stands before us.

*Motion to Dismiss Based on Sovereign Immunity*

The Wayne County Treasurer reasserted a sovereign immunity defense. Despite the district court's contrary conclusions, the Treasurer—pointing to the online docket and the summons—asserted: "Here, instead of pursuing their claims against Wayne County, Plaintiffs chose to sue Treasurer Sabree." Mot. to Dismiss, R.142 at PageID 1566 & n.4.[4] Citing *Bowles v. Sabree* (a recent Sixth Circuit case addressing a similar claim), the motion explained that a county treasurer is entitled to sovereign immunity in Michigan General Property Tax Act-based Takings Clause claims because once a county elects to conduct foreclosures, the foreclosure process that its treasurer must follow is mandated by state law. *See Bowles*, 2024 WL 1550833 at *3. But the motion continued, arguing that even if the claims were brought against Wayne County (rather than its treasurer), they would still fail because Michigan law establishes "the sole and exclusive process to seek compensation following tax foreclosure." Mot. to Dismiss, R.142 at PageID 1569 (citing

---

[4] The motion also noted that Plaintiffs' attorney was the counsel of record in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), which held that in the context of a Michigan General Property Tax Act-based Takings Clause claim, "the County alone is responsible for the taking of plaintiffs' property." *Id.* at 196. The motion assumed Plaintiffs "ignored" this holding.

Mich. Comp. Laws § 211.78t). So the argument goes, this separate process would "preclude[] judicial relief under any theory." *Id.* at PageID 1570.

Plaintiffs, consistent with their position throughout litigation, rejected the foundational premise of the motion, noting that, "as can be seen in the original Complaint, Plaintiffs brought this action against Wayne County." Resp. to Mot. to Dismiss, R.157 at PageID 1900. Further, Plaintiffs explained that the district court "previously held that Wayne County is the proper Defendant in this case," and "Defendant Wayne County did not object to the Magistrate[']s report regarding this holding." *Id.* at PageID 1899-900. In the reply brief, the Wayne County Treasurer maintained his position, asserting that Plaintiffs "nam[ed] the Treasurer as the sole [c]ounty-affiliated Defendant when filing their complaint nearly three years ago." Reply Br., R.164 at PageID 2018. Notably, however, the reply brief did not point to where in the operative (or initial) complaint the Wayne County Treasurer was actually named as a party.[5]

*Motion for Leave to File Second Amended Complaint*

Simultaneous to the Wayne County Treasurer's motion to dismiss, Plaintiffs filed a motion for leave to file a second amended complaint. Framed as a motion under Federal Rule of Civil Procedure 15, Plaintiffs asked the district court to substitute Wayne County as a defendant for the Wayne County Treasurer, marking the first time Plaintiffs acknowledged the possibility that Wayne County was not already the defendant. But Plaintiffs did not propose any substantive changes to the operative complaint; the factual allegations and the listed parties remained the same. *Compare* First Am. Compl., R.6, *with* Proposed Second Am. Compl., R.143-1. In fact, as Plaintiffs

---

[5] The reply brief also attempted to construe the Report and Recommendation as if the magistrate judge did not reach a decision as to which party Plaintiffs actually sued and only concluded that "Wayne County *would have been* the proper defendant." Reply Br., R.164 at PageID 2018 (emphasis in original). But in doing so, the brief failed to mention that the Report and Recommendation proceeded to treat Wayne County as the actual defendant, not the hypothetically proper one, declaring that "Plaintiffs sue[d] Wayne County." R. & R., R.79 at PageID 745 & n.2. As noted above, Wayne County did not contest this holding in its objections to the Report and Recommendation, and it even acknowledged that Plaintiffs sued Wayne County.

noted in their motion, they already "listed Wayne County as the Defendant both in their original Complaint, and every [subsequent] filing in this case." Mot. to File Second Am. Compl., R.143 at PageID 1579. Instead of a change to the operative complaint, Plaintiffs asked for the district court "to correct the clerical error on the Summons" that mistakenly "listed Wayne County Treasurer as the Defendant." *Id.* at PageID 1579, 1581.

In response, the Wayne County Treasurer once again doubled down, accusing Plaintiffs of bad faith and arguing that "Plaintiffs chose to sue the Treasurer and maintained their claims against him for years." Resp. to Pls.' Mot. to Amend, R.149 at PageID 1766. However, this time, the framing shifted slightly, as the Treasurer conceded (for the first time since reversing his position in the responsive pleading) that Plaintiffs' operative complaint "may have referred at certain points in its text to the County." *Id.* at PageID 1769. Still, rather than accept Plaintiffs' operative complaint at face value, the response relied on the docket, which erroneously listed (and still lists) the Wayne County Treasurer as the defendant. And the attorneys who had previously identified themselves as "[a]ttorneys for Wayne County," Resp. to Pls.' Objs., R.86 at PageID 876, asserted that they had only ever appeared on behalf of the Treasurer, Resp. to Pls.' Mot. to Amend, R.149 at PageID 1768. Plaintiffs replied, reiterating that "every pleading and [m]otion filed by Plaintiffs listed Wayne County as a Defendant. There is no prejudice and there was no 'bad faith,' just a mistake." Reply Br., R.154 at PageID 1864-65.

*District Court's Opinion and Order*

Despite recognizing that Wayne County was the defendant in previous opinions and orders, in its opinion addressing the simultaneous motions, the district court referred to the "Wayne County Treasurer" as the defendant, and, for the first time, framed Plaintiffs' claims as if they were filed against the "Wayne County Treasurer" rather than "Wayne County." Jan. 28, 2025 Op. & Order, R.197 at PageID 3912 (misciting its previous opinions—R.97 at PageID 953, 970-71 and R.139 at PageID 1541, 1548—that stated Plaintiffs' claims were against "Wayne County"). The district court treated the Wayne County Treasurer as if he was a defendant in two separate and

distinct ways. First, the district court stated that the Wayne County Treasurer was sued in his official capacity and therefore represented the county itself. Second, the district court stated that the Wayne County Treasurer was also sued "for his state action"—the foreclosures conducted according to the process mandated by state law. *Id.* at PageID 3921. After bifurcating the Wayne County Treasurer's roles in the lawsuit, the district court determined that sovereign immunity barred claims based on the Wayne County Treasurer's state actions but did not protect the Wayne County Treasurer insofar as he represented the county. So the district court declared that "the Treasurer remains in the suit in his official capacity [as] to any claims involving the actions of Wayne County." *Id.* at PageID 3921. The district court then went on to (1) dismiss the remaining federal claim against the county defendant, (2) deny (as moot) "Plaintiffs' motion for leave to amend to add Wayne County," *id.* at PageID 3922, and (3) "hold in abeyance a decision on the futility of [the state-law inverse condemnation] claim as to Wayne County" because the Michigan Supreme Court scheduled oral argument on the issue, *id.* at PageID 3929-30. Proceeding as if he is the defendant, the Wayne County Treasurer appealed, arguing that once he was entitled to sovereign immunity in any capacity, all claims against him should be dismissed.

## II. STANDARD OF REVIEW

Given the interlocutory posture of this appeal, our jurisdiction is limited to the collateral question of sovereign immunity. *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 644-45 (6th Cir. 2013). We review a district court's sovereign immunity decisions de novo. *Id.* at 645. We can affirm for any reason supported by the record. *Tennessee v. Dep't of Educ.*, 104 F.4th 577, 595 n.17 (6th Cir. 2024).

## III. ANALYSIS

Under the Eleventh Amendment, a state is generally immune from suits in federal court. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). But we have long held that counties

do not enjoy the same protections. *Crabbs v. Scott*, 786 F.3d 426, 429 (6th Cir. 2015) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Nonetheless, there exists certain situations in which a county—or its official—"wear[s] multiple hats, acting on behalf of the county *and* the State." *Bowles*, 2024 WL 1550833, at *2 (emphasis in original) (quoting *Crabbs*, 786 F.3d at 429); *see also Mt. Healthy*, 429 U.S. at 280. And if the county defendant operates as an "arm of the State," it can thus enjoy the protections afforded by sovereign immunity. *Bowles*, 2024 WL 1550833, at *2 (quoting *Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999)). But before we determine whether a defendant enjoys sovereign immunity, we must determine who Plaintiffs sued: Wayne County or the Wayne County Treasurer. Our cases treat them differently, at least in some fact-specific instances. *See id.* at *2-3.

### A. Wayne County Is the Defendant, Not the Wayne County Treasurer

The Wayne County Treasurer argues he is the defendant. Plaintiffs disagree, claiming they named only Wayne County in their operative complaint. In the first two opinions issued in this case, the district court treated Wayne County as the defendant; but then, in its third opinion (which we review in this appeal), the district court inexplicably substituted in the Wayne County Treasurer.

The district court had it right the first time: Wayne County is the defendant. As the masters of their complaint, Plaintiffs can choose who they want to sue. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (citation omitted); *see also McPherson v. Hoffman*, 275 F.2d 466, 470 (6th Cir. 1960) ("[T]he plaintiff had a right to determine for himself whom he would sue."). The caption of the operative complaint, which is instructive to determine which parties Plaintiffs sued, lists "County of Wayne" as the defendant, not "Wayne County Treasurer." Am. Compl., R.6 at PageID 65; Fed. R. Civ. P. 10(a). And the substance of the operative complaint confirms this notion, making clear that Plaintiffs sued Wayne County. The operative complaint refers to "Defendant County of Wayne" in the "Parties" section, Am. Compl., R.6 at PageID 72, and it raises its specific

claims against "Wayne County," *e.g.*, *id.* at PageID 96, 98. While the operative complaint mentions some of the Wayne County Treasurer's actions that were conducted on behalf of the county, it does so only to explain Defendant Wayne County's alleged liability; the Wayne County Treasurer is not referred to as a defendant at any point in the operative complaint.

In fact, the district court already determined that Wayne County was the defendant in this lawsuit. The magistrate judge declared it so; Wayne County did not object, which means Wayne County did not preserve a challenge to this finding, *Willis*, 931 F.2d at 401; and the district court adopted the Report and Recommendation in an opinion and order explaining that Plaintiffs' claims are against Wayne County. The district court continued to treat Wayne County as the defendant in subsequent opinions and orders. Then, without explanation, the district court sua sponte changed the county-affiliated defendant, substituting the Wayne County Treasurer for Wayne County in its July 24, 2024 Opinion and Order. Considering that the court offered no authority for this sua sponte substitution, this deviation from its previous findings and the operative complaint was an error.[6] *See, e.g.*, Fed. R. Civ. P. 21, 25.

The Wayne County Treasurer suggests the summons (which lists "Wayne County Treasurer") should trump the clear articulation of the operative complaint, as if the designation on

---

[6] The district court seems to consider a suit against Wayne County and a suit against the Wayne County Treasurer in his official capacity as interchangeable alternatives. That is not the case. While true that these two suits would be treated the same in many respects, potential issues related to jurisdiction and proper notice, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985)—as well as general principles that allow plaintiffs to be the masters of their complaint, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005)—warrant precision, consistency, and a respect for Plaintiffs' choice. Plaintiffs can suffer consequences when they sue the wrong party, particularly in cases involving sovereign immunity. *See, e.g.*, *Allgeier v. United States*, 909 F.2d 869, 871-75 (6th Cir. 1990) (dismissing FTCA claim because the plaintiff named the wrong party and substitution was denied). So too should plaintiffs benefit from choosing to sue the correct party. Besides, even if it would have been correct to construe Plaintiffs' action as a lawsuit initiated against the Wayne County Treasurer, the district court should have considered the motion to amend to substitute parties. Wayne County was on notice of the lawsuit and even litigated in its own name. And when the Wayne County Treasurer made appearances (deeming himself a separate entity than Wayne County), he still raised arguments that benefitted Wayne County. In this case, the technicalities of a summons caption should not preclude a decision on the merits. *Cf. Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (discussing "the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits"); *see also* Fed. R. Civ. P. 15(a)(2), (c)(1)(C); *infra* note 7.

the summons indicates Plaintiffs actually asserted claims against the Wayne County Treasurer. But a summons does not define the parties to a case; it is the tool by which defendants named in the complaint receive proper notice, and it establishes the court's personal jurisdiction over the defendants. *Cf. Boulger v. Woods*, 917 F.3d 471, 476-77 (6th Cir. 2019); *see also* Fed. R. Civ. P. 4(a), (d) (explaining that a summons must be directed to a defendant, and a defendant can waive service of a summons). Consistent with the operative complaint, Plaintiffs have always maintained that they sued Wayne County, not the Wayne County Treasurer. And Wayne County failed to challenge proper service of process in its objections to the Report and Recommendation that deemed it the proper defendant. And at no time did the Treasurer or Wayne County present a defense regarding insufficient process or service.[7] *See* Fed. R. Civ. P. 12(b)(4)-(5). After Wayne County conceded it was the defendant, the county's attorneys reverted back to filing on behalf of the Wayne County Treasurer. But these filings continued to advance legal positions that represented the county's interests. The attempt to now rely on the summons is unavailing.

The Wayne County Treasurer also argues that Plaintiffs' motion for leave to amend the complaint serves as a concession regarding the properly named party. Not so. While labeled as a motion for leave to amend the complaint under Rule 15, Plaintiffs did not actually seek to amend the complaint to change a party; the operative complaint and the proposed amended complaint both listed Wayne County as the only county-affiliated defendant. In fact, Plaintiffs sought no

---

[7] Additionally, the summons, in all respects but the name of the defendant, was served on Wayne County in compliance with Rule 4(j), which allows a plaintiff to serve a government entity through "the manner prescribed by that state's law." Fed. R. Civ. P. 4(j). In Michigan, service of process against a county "may be made by serving a summons and a copy of the complaint on . . . the county clerk." Mich. Ct. R. 2.105(G)(1). Plaintiffs served the summons and a copy of the complaint on Natasha Barter, who accepted service "on behalf of the County Clerk." Summons, R.9 at PageID 120. Further, courts typically excuse a misnomer on the summons that is given to the proper party so long as the accompanying complaint provides sufficient notice that the served party is subject to the lawsuit and the defendant is not prejudiced, as is the case here. *See, e.g.*, *Watkins v. Matrix Absence Mgmt. Grp.*, 2016 WL 4392819, at *3 n.3 (W.D. Ky. Aug. 15, 2016) (citing *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954)); *see also* 1 *Moore's Federal Practice* § 4.30 (2025) ("[A] summons that fails to properly state the defendant's name, and thus, technically is not directed to defendant, is not jurisdictionally defective if defendant is not prejudiced by that error.").

substantive changes to the actual text of the complaint. Plaintiffs clarified that their actual request was for leave to "correct the clerical error on the Summons," Mot. to File Second Am. Compl., R.143 at PageID 1581, which should have been brought under Rule 4(a)(2). But mislabeling aside, Plaintiffs did not waver from the same position they've maintained throughout litigation: they sued Wayne County, not the Wayne County Treasurer.[8] We agree; Wayne County is the defendant.

### B. Wayne County Is Not Entitled to Sovereign Immunity

In *Bowles*, we addressed the ways in which county defendants operate as either an arm of the state entitled to sovereign immunity or a county entity subject to suit for Michigan General Property Tax Act-foreclosure claims, albeit with a slight variation. There, the plaintiffs named both Wayne County and the Wayne County Treasurer as defendants. *Bowles*, 2024 WL 1550833, at *1. So it was clear that the Wayne County Treasurer was not sued as merely a stand-in for the county itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

And that simplified the analysis. Because the Wayne County Treasurer was sued due to his role in the foreclosure of the plaintiffs' properties, for which he was merely "'complying with state mandates' that afforded [him] 'no discretion,'" the Wayne County Treasurer was entitled to sovereign immunity as an arm of the state. *Bowles*, 2024 WL 1550833, at *3 (quoting *Brotherton*, 173 F.3d at 566). But Wayne County was not entitled to sovereign immunity. *Id.* Because Wayne County "elected" to conduct foreclosures, its participation in the state's foreclosure scheme stemmed from voluntary action rather than a state mandate. *Id.* Claims against Wayne County could proceed. *Id.*

---

[8] On appeal, despite maintaining that they sued Wayne County, given the district court's decision to insert the Wayne County Treasurer as a defendant, Plaintiffs alternatively argue that even if they "served or sued [the Wayne County Treasurer] in his official capacity," this would constitute a suit against Wayne County, so sovereign immunity would still not apply. Appellee Br. 9, 11-16, D.35. Arguing in the alternative did not shift Plaintiffs' position regarding who they originally sued.

Here, Plaintiffs only sued one county-affiliated defendant: Wayne County. And as both parties acknowledge, in this case, the reasoning in *Bowles*—with respect to Wayne County's voluntary action—controls. Wayne County is not entitled to sovereign immunity for Michigan General Property Tax Act-foreclosure claims because its conduct is not mandated by state statute and it did not operate as an arm of the state. *Id.*; *see also Fox v. Saginaw County*, No. 21-1108, 2022 WL 523023, at *4-6 (6th Cir. Feb. 22, 2022) (holding that county defendants do not act as an "arm of the state" in Michigan General Property Tax Act-claims and are thus not entitled to sovereign immunity).

\*     \*     \*

The parties also argue about whether the district court should exercise supplemental jurisdiction over the only remaining claim against Wayne County: a state-law inverse condemnation claim. We recognize the novel and complex nature of this state law claim that the district court has, on multiple occasions, either abstained from deciding or held in abeyance. But this is an issue for which we do not have pendent appellate jurisdiction. *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 610 F.3d 321, 324 (6th Cir. 2010). Similarly, we decline to address the City of Taylor's joint liability. *See Johnson v. Jones*, 515 U.S. 304, 310-11 (1995).

## IV. CONCLUSION

For these reasons, we **AFFIRM** the denial of sovereign immunity and clarify that Wayne County is the defendant Plaintiffs named in this lawsuit.