CAFÉ MODA, LLC, dba CAFÉ MODA, Appellant, v. DONNY PALMA and MATT RYAN RICHARDS, Respondents.

No. 54703

March 1, 2012                          272 P.3d 137

[Rehearing denied April 30, 2012]
[En banc reconsideration denied June 19, 2012]

*Lewis & Roca, LLP,* and *Daniel F. Polsenberg, Joel D. Henriod,* and *Jacqueline A. Gilbert,* Las Vegas, for Appellant.

*Law Offices of Michael A. Koning, P.C.,* and *Michael A. Koning,* Las Vegas, for Respondent Donny Palma.

*Matt Ryan Richards,* Las Vegas, in Proper Person.

Before DOUGLAS, HARDESTY and PARRAGUIRRE, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether NRS 41.141, Nevada's comparative-negligence statute, permits liability to be apportioned between a negligent tortfeasor and an intentional tortfeasor. Concluding that NRS 41.141 is ambiguous in this regard, we construe the statute as permitting such an apportionment in order to give effect to the Legislature's intent. Having done so, we determine that the negligent tortfeasor, appellant Café Moda, is severally liable for 20% of respondent Donny Palma's damages and that the intentional tortfeasor, respondent Matt Richards, is jointly and severally liable for 100% of Palma's damages. We therefore affirm in part and reverse in part the district court's judgment holding the tortfeasors jointly and severally liable.

### FACTS

Matt Richards and Donny Palma were patrons on Café Moda's premises. During an altercation between the two, Richards stabbed Palma repeatedly. Palma then brought suit against Richards and Café Moda, pursuing an intentional-tort theory of liability against Richards and a negligence theory of liability against Café Moda.

At trial, the jury rendered a verdict in favor of Palma. Having found that Palma had not been comparatively negligent, it apportioned 80% of the fault to Richards and the remaining 20% to Café Moda. Based upon its reading of NRS 41.141, however, the district court entered a judgment against Richards and Café Moda that held each of them jointly and severally liable for 100% of Palma's damages. This appeal followed.

## DISCUSSION

On appeal, Café Moda contends that NRS 41.141 permits liability to be apportioned between a negligent tortfeasor and an intentional tortfeasor. Consequently, it maintains, the district court erred in holding it jointly and severally liable for 100% of Palma's damages when the jury found it to be only 20% at fault. As explained below, we agree.

*Standard of review*

Whether NRS 41.141 permits liability to be apportioned between a negligent tortfeasor and an intentional tortfeasor involves a question of statutory construction, which this court reviews de novo. *In re Candelaria*, 126 Nev. 408, 411, 245 P.3d 518, 520 (2010).

*Construing NRS 41.141 to permit apportionment of liability between a negligent tortfeasor and an intentional tortfeasor gives effect to the Legislature's intent*

Although Palma's lawsuit against Café Moda and Richards involves straightforward common-law tort principles, the parties recognize that NRS 41.141 has supplanted much of the common law in terms of how liability should be imposed and apportioned amongst multiple defendants. *See Warmbrodt v. Blanchard*, 100 Nev. 703, 707-08, 692 P.2d 1282, 1285-86 (1984) (explaining that NRS 41.141 "eliminat[ed]" and "abolished" two common-law doctrines: (1) a plaintiff's contributory negligence as a complete bar to recovery, and (2) joint and several liability amongst negligent defendants), *superseded by statute on other grounds as stated in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 740-43, 192 P.3d 243, 253-55 (2008); *see also* 1973 Nev. Stat., ch. 787, at 1722 (listing a twofold purpose for enacting NRS 41.141). Thus, while the parties agree that NRS 41.141 governs the issue presented in this case, they disagree as to how.

When considering a statute's application, we begin with its plain language. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 370, 252 P.3d 206, 209 (2011). Here, the plain language of NRS 41.141 provides in relevant part as follows:

> 1. In any action to recover damages . . . in which comparative negligence is asserted as a defense, the comparative negligence of the plaintiff . . . does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the parties to the action against whom recovery is sought.

. . . .

4. Where recovery is allowed against more than one defendant in such an action, *except as otherwise provided in subsection 5, each defendant is severally liable* to the plaintiff only for that portion of the judgment which represents *the percentage of negligence attributable to that defendant.*

5. This section does not affect the joint and several liability, if any, of the defendants in an action based upon:

. . .

(b) An intentional tort[.]

NRS 41.141 (emphases added).

Both Café Moda and Palma offer a plain-language application of the statute in support of their respective positions. Café Moda's plain-language argument illustrates NRS 41.141's general framework: Because Café Moda asserted comparative negligence as a defense (subsection 1), and because it was sued on a negligence theory, subsection 5(b)'s intentional-tort exception does not preclude application of subsection 4's general rule regarding several liability. Once under subsection 4, Café Moda contends that it is severally liable to Palma for only its portion of the judgment—here, 20%.

Palma's argument, on the other hand, relies on subsection 4's express use of the word "negligence." By using the word "negligence," Palma maintains that NRS 41.141 permits only "negligence" to be apportioned and that such apportionment must be done entirely with respect to the negligent parties in the case. Thus, Palma contends, when the jury found that he had not been comparatively negligent, it effectively apportioned 100% of the negligence to Café Moda, at which point the district court properly held Café Moda, the only negligent party, liable for 100% of the judgment. As for Richards, the intentional tortfeasor, Palma maintains that he also was properly held liable for 100% of the judgment under subsection 5(b)'s exception.[1]

Because both parties have presented a plausible plain-language application of the statute, we conclude that NRS 41.141 is ambiguous with respect to the question presented by this case. *Attorney General v. Nevada Tax Comm'n*, 124 Nev. 232, 240, 181 P.3d 675, 680-81 (2008) ("A statute is ambiguous when it is capable of being understood in two or more senses by reasonably informed

---

[1]We reject Palma's alternative argument that his entire lawsuit was "an action based upon . . . [a]n intentional tort." NRS 41.141(5)(b). While the *act* that precipitated his lawsuit against Café Moda and Richards was indeed an intentional tort, he nevertheless pursued a negligence cause of *action* against Café Moda. *See Chinese v. Meier*, 774 N.E.2d 722, 725 (N.Y. 2002) (rejecting an identical argument put forth by a plaintiff in a similar factual situation).

persons or it does not otherwise speak to the issue before the court.'' (quotation omitted)).

Having concluded that NRS 41.141 is ambiguous, we must construe it in a manner that is consistent with the Legislature's intent. *Hardy Companies, Inc. v. SNMARK, LLC*, 126 Nev. 528, 533, 245 P.3d 1149, 1153 (2010). ''[T]his court determines the Legislature's intent by evaluating the legislative history and construing the statute in a manner that conforms to reason and public policy.'' *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010).

As mentioned previously, when the Legislature enacted NRS 41.141 in 1973, its purpose was to lessen the perceived unfairness in two of our common-law tort doctrines. *Warmbrodt*, 100 Nev. at 707-08, 692 P.2d at 1285-86 (describing NRS 41.141's effect). First, by eliminating a plaintiff's contributory negligence as a complete bar to recovery, the Legislature sought to ensure that a relatively low-fault plaintiff was not left completely without recourse. *See* 1973 Nev. Stat., ch. 787, § 1, at 1722; Hearing on S.B. 524 Before the Senate Judiciary Comm., 57th Leg. (Nev., April 6, 1973). Second, by abandoning joint and several liability amongst negligent defendants, the Legislature sought to ensure that a negligent defendant's liability would be limited to an amount proportionate with his or her fault. *See* 1973 Nev. Stat., ch. 787, at 1722; Hearing on S.B. 524 Before the Senate Judiciary Comm., 57th Leg. (Nev., April 6, 1973).

To a certain extent, these policy interests run counter to each other. Recognizing as much, the Legislature has amended NRS 41.141 on three occasions in an attempt to strike a fair balance. Below, we briefly summarize the evolution of NRS 41.141, as doing so helps us discern how the Legislature would intend for NRS 41.141 to be applied in this case.

In 1979, the Legislature amended NRS 41.141 by eliminating several liability for negligent defendants.[2] *See* 1979 Nev. Stat., ch. 629, § 6, at 1357. In essence, it brought back the common-law doctrine of joint and several liability and merely permitted one defendant to seek contribution from another codefendant. *Id.* § 1, at 1355. From a policy standpoint, this amendment shifted the balance toward ensuring that a plaintiff was not left without recourse.

In 1987, the Legislature again revisited NRS 41.141. This time, it re-implemented several liability amongst codefendants as the general rule, but it carved out five exceptions to this general rule for when joint and several liability would still apply. *See* 1987 Nev.

---

[2]This elimination was subject to an exception not relevant here. *See* 1979 Nev. Stat., ch. 629, § 6, at 1357.

Stat., ch. 709, § 1, at 1697-98; NRS 41.141(4), (5). Considering the general rule and the five exceptions together, the practical effect of this amendment was to maintain joint and several liability for all types of defendants except for merely negligent defendants. From a policy standpoint, this amendment shifted the balance toward ensuring that a negligent defendant's liability would be limited.

The effect of the 1987 amendment was not lost on the Legislature when it again considered NRS 41.141 in 1989. During discussion of a bill to amend the statute, it was mentioned that the 1987 shift back to several liability for negligent defendants was "designed to prevent the 'deep-pocket doctrine.' " *See* Hearing on A.B. 249 Before the Senate Judiciary Comm., 65th Leg. (Nev., March 8, 1989). With this design in mind, the Legislature decided to maintain NRS 41.141's framework, choosing only to clarify the scope of one of the five exceptions. *See* 1989 Nev. Stat., ch. 39, § 1, at 72-73; NRS 41.141(6).

NRS 41.141 has remained unchanged since 1989. Thus, in light of the statute's design, we consider how the Legislature would intend for NRS 41.141 to apply in this case. We start and finish by revisiting Palma's proffered application of the statute, which, again, relies upon subsection 4's use of the word "negligence." Under Palma's proffered application, NRS 41.141 technically affords several liability to all negligent defendants. But because only "negligence" may be apportioned under his application, affording several liability to a negligent defendant provides no benefit unless the defendant has a codefendant who is also being sued on a negligence theory. Thus, in the case at hand where Café Moda's codefendant committed an intentional tort, Café Moda is effectively denied the statute's benefit of several liability.

Not only does Palma's proffered application run counter to the Legislature's design of NRS 41.141, but it produces the unreasonable result of hinging the extent of a negligent defendant's liability on another party's mindset.[3] *Meridian Gold v. State, Dep't of*

---

[3]When considering this same issue with regard to their own comparative-negligence statutes, other jurisdictions have reached the same conclusion. *See, e.g., Weidenfeller v. Star and Garter*, 2 Cal. Rptr. 2d 14, 15-16 (Ct. App. 1991) ("According to [plaintiff,] the statute has a limited effect benefitting a negligent tortfeasor only where there are other equally culpable defendants, but eliminating that benefit where the other tortfeasors act intentionally. Stating the proposition reflects its absurdity."); *Reichert v. Atler*, 875 P.2d 379, 381 (N.M. 1994) ("We cannot find a sound basis in public policy to abrogate the legislature's determination that comparative-fault principles should apply; rather, we believe that public policy would support a holding that the bar owner may reduce his liability by the percentage of fault attributable to [an intentional tortfeasor]."); *Chianese*, 774 N.E.2d at 726 ("[Plaintiff's proposed application is] not only illogical but also inconsistent with the chief remedial purpose of [the statute].").

*Taxation*, 119 Nev. 630, 633, 81 P.3d 516, 518 (2003) ("[W]e must construe statutory language to avoid absurd or unreasonable results." (quotation omitted)).

Accordingly, we must construe NRS 41.141 in a way that gives effect to the statute's design and the Legislature's intent. *Hardy Companies, Inc.*, 126 Nev. at 533, 245 P.3d at 1153. To do so, we construe subsection 4's use of "negligence" to mean "fault." *Cf.* Hearing on S.B. 511 Before the Senate Judiciary Comm., 64th Leg. (Nev., May 13, 1987) (explaining that it is the jury's responsibility to allocate "fault" under NRS 41.141, notwithstanding subsection 4's use of the word "negligence"); *Black's Law Dictionary* 683 (9th ed. 2009) (defining "fault" to encompass an array of wrongful conduct, regardless of the actor's intent). Such a construction gives effect to the statute's design, eliminates the unreasonable result inherent in Palma's proffered application, and leaves the remainder of the statute's language intact.

Under this construction, NRS 41.141's application to this case becomes straightforward. Because the jury found Café Moda to be 20% at fault, it is to be held severally liable for 20% of Palma's damages. And because our construction of the statute leaves subsection 5 unchanged, Richards remains jointly and severally liable for 100% of Palma's damages.

## CONCLUSION

We conclude that NRS 41.141 is ambiguous with regard to whether liability may be apportioned between a negligent tortfeasor and an intentional tortfeasor. After reviewing NRS 41.141's legislative history, we believe that the most effective way to carry out the Legislature's intent is to construe NRS 41.141(4)'s use of the word "negligence" to mean "fault." Having done so, we determine that appellant Café Moda is severally liable for 20% of respondent Donny Palma's damages and that respondent Matt Richards is jointly and severally liable for 100% of Palma's damages. We therefore reverse the part of the district court's judgment imposing joint and several liability against Café Moda and remand this matter so that the district court can enter a modified judgment reflecting this decision. All other aspects of the district court's judgment, not having been challenged, are affirmed.

DOUGLAS and HARDESTY, JJ., concur.