CAREY HUMPHRIES, AN INDIVIDUAL; AND LORENZA ROCHA, II, AN INDIVIDUAL, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MICHAEL VILLANI, DISTRICT JUDGE, RESPONDENTS, AND NEW YORK-NEW YORK HOTEL & CASINO, LLC, A NEVADA LIMITED LIABILITY COMPANY DBA NEW YORK-NEW YORK HOTEL & CASINO, REAL PARTY IN INTEREST.

No. 61690

November 7, 2013                    312 P.3d 484

*Craig W. Drummond*, Las Vegas; *Hofland & Tomsheck* and *Joshua L. Tomsheck*, Las Vegas, for Petitioners.

*Kravitz, Schnitzer, Sloane & Johnson, Chtd.*, and *Martin J. Kravitz* and *Kristopher T. Zeppenfeld*, Las Vegas, for Real Party in Interest.

---

Before HARDESTY, PARRAGUIRRE and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In the underlying premises liability action, the premises owner successfully moved the district court to order the plaintiffs to join the plaintiffs' assailant as a defendant to the action, on the ground that the assailant is a party necessary to the litigation. NRCP 19 provides that a person must be joined as a party if the court cannot afford complete relief in that person's absence. We conclude that the assailant was not a necessary party under NRCP 19 be-

cause the district court can afford complete relief to the parties, the defendant is able to implead the assailant as a third party under NRCP 14, and creating a per se joinder requirement would unfairly burden plaintiffs. Accordingly, we grant the petition for a writ of mandamus.

## FACTS

In April 2010, petitioners Carey Humphries and Lorenza Rocha, II, were involved in an altercation with Erik Ferrell on real party in interest New York-New York's casino floor. Security officers and police stopped the altercation and detained Ferrell. He was arrested and subsequently convicted of one count of attempted battery with substantial bodily harm.

In May 2011, Humphries and Rocha filed a complaint against New York-New York, alleging various causes of action for negligence based on its duty to protect. The complaint did not include any claims against Ferrell. New York-New York's answer asserted Humphries' and Rocha's comparative negligence as an affirmative defense.

Following Humphries' and Rocha's complaint, this court issued an opinion in *Café Moda, L.L.C. v. Palma*, 128 Nev. 78, 272 P.3d 137 (2012), in which we interpreted Nevada's comparative negligence statute, NRS 41.141. In *Café Moda*, the plaintiff sued two defendants, one as an intentional tortfeasor and the other as a negligent tortfeasor, and the negligent tortfeasor asserted that it was only severally liable under NRS 41.141. *Id.* at 79, 272 P.3d at 138. We clarified that, in a case alleging comparative negligence, an intentional tortfeasor's liability is joint and several, but a merely negligent cotortfeasor's liability is several, even if the injured party is not ultimately found to be comparatively negligent.

In light of *Café Moda*'s holding on the apportionment of liability between intentional and negligent cotortfeasors in comparative negligence cases, New York-New York moved to compel Humphries and Rocha to join Ferrell, arguing that Ferrell was a necessary party under NRCP 19(a). The district court granted New York-New York's motion, explaining that "[j]oinder of Ferrell is necessary to ensure [New York-New York] is afforded full protection under the *Café Moda* case." The district court further determined that joinder was feasible, since Ferrell resides in Nevada and his identity is known. It thus compelled Humphries and Rocha to join Ferrell.

Humphries and Rocha have petitioned this court for a writ of mandamus. They seek to vacate the order compelling joinder, arguing that the district court erred in compelling them to join a new party defendant when the complaint does not allege a cause of ac-

tion against that defendant. They further argue that joinder of a necessary party is infeasible when the statute of limitations has run on the possible causes of action against the new defendant and that Ferrell is not an indispensable party.

## DISCUSSION

We begin by addressing whether writ relief is appropriate. Determining that it is, we then consider whether the district court properly concluded that Ferrell was a necessary party under NRCP 19(a).

### Writ of mandamus

Article 6, Section 4 of the Nevada Constitution gives this court jurisdiction to issue writs of mandamus. "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citing NRS 34.160). A writ will not issue where there is a plain, speedy, and adequate remedy in the ordinary course of the law. NRS 34.170; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. It is within this court's discretion to determine whether to consider petitions for this extraordinary remedy. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

In this case, Humphries and Rocha do not have a plain, speedy, and adequate remedy in the ordinary course of the law. This case is in the early stages of litigation, and the district court's order forces Humphries and Rocha to join Ferrell and assert causes of action against him, despite the running of the statute of limitations, or have their action dismissed. *See Lund v. Eighth Judicial Dist. Court*, 127 Nev. 358, 363, 255 P.3d 280, 284 (2011) (citing *In re Simons*, 247 U.S. 231, 239-40 (1918) (concluding that extraordinary writ relief was warranted because a legal error affected the course of the litigation and the party aggrieved should not have to wait until the final judgment was entered to correct the error)). Moreover, this petition identifies confusion and uncertainty surrounding *Café Moda* and NRS 41.141, highlighting the need to clarify an important legal issue of which this court's review would promote sound judicial economy and administration. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559. Accordingly, we will exercise our discretion and consider this petition to address whether NRS 41.141 and *Café Moda* render Ferrell a party necessary to the underlying action under NRCP 19(a).

*The district court erred in compelling Humphries and Rocha to join Ferrell as a necessary party*

Humphries and Rocha argue that plaintiffs have the right to decide whom to sue, and that the district court erred by interpreting *Café Moda* as creating a per se rule that intentional tortfeasors are necessary parties in premises liability actions. New York-New York responds that in order for it to be afforded the protection of several liability under NRS 41.141(4), Ferrell is a necessary party and must be joined to the action.

Considering these arguments, we first review whether tortfeasors who were jointly and severally liable under the traditional apportionment of liability were considered necessary parties under NRCP 19 before examining apportionment of fault under Nevada's comparative negligence statute, NRS 41.141, and our interpretation of it in *Café Moda* and *Warmbrodt v. Blanchard*, 100 Nev. 703, 692 P.2d 1282 (1984), *superseded on other grounds as stated in Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 740-43 & n.39, 192 P.3d 243, 253-55 & n.39 (2008). We then consider the effect of NRS 41.141 upon apportionment of liability in this case, as compared with traditional joint and several liability, and the policies behind apportionment of fault to cotortfeasors. Finally, given New York-New York's ability to implead Ferrell as a third-party defendant and assert a cause of action for contribution against him, we decline to disturb the traditional view that, when plaintiffs have sued a tortfeasor who is jointly and severally liable or severally liable, cotortfeasors are not necessary parties under NRCP 19(a).

This court reviews a district court's interpretation of the Nevada Rules of Civil Procedure and statutory construction de novo, even when considered in a writ petition. *See Lund*, 127 Nev. at 362, 255 P.3d at 283; *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. NRCP 19(a) provides that a person must be joined in an action if that person is necessary to the action. A person is necessary to the action if (1) in his absence, the court cannot accord complete relief among the existing parties; or (2) he has an interest in the action and his absence will impair his ability to protect his interest or subject one of the existing parties to inconsistent obligations. NRCP 19(a)(1)-(2). If that person is not a party to the action, the court must order that person be made a party, if feasible. NRCP 19(a). If joinder is not feasible, the court must determine, in equity and good conscience, whether the action should proceed or be dismissed. NRCP 19(b) (providing a four-factor test to determine whether a necessary party is indispensable).

Humphries and Rocha cite *McPherson v. Hoffman*, 275 F.2d 466, 470 (6th Cir. 1960), for the proposition that Ferrell is not a necessary party and argue that New York-New York cannot force Ferrell's joinder upon them because " '[j]oint tort[ ]feasors have no right to determine whether they shall be jointly or separately sued for their wrong. This right rests with the party aggrieved . . . .' " *Id.* (quoting *Detroit City Gas Co. v. Syme*, 109 F.2d 366, 369 (6th Cir. 1940)). This court cited to *McPherson* and held that "the plaintiff has the right to decide for himself whom he shall sue," and that a defendant may not use NRCP 14 to offer a third party as a defendant, even though the third party may ultimately be liable to the defendant for any damages assessed against the defendant. *Reid v. Royal Ins. Co.*, 80 Nev. 137, 141, 390 P.2d 45, 47 (1964). *Reid* and *McPherson* involve instances in which the defendant and nonparty tortfeasor were subject to joint and several liability.

Under the traditional doctrine of joint and several liability, courts allowed plaintiffs to seek the entirety of their damages from a single tortfeasor. Restatement (First) of Torts § 875 (1939). This allowed plaintiffs to recover all damages caused jointly by multiple tortfeasors, even in the presence of a contributing cause or cotortfeasor from which no recovery was available. *Id.* at cmt. a. Since liability required that each tortfeasor be a proximate cause of a plaintiff's injury, each tortfeasor was entirely liable for the full measure of damages. *Mahan v. Hafen*, 76 Nev. 220, 225, 351 P.2d 617, 620 (1960). Thus, under the traditional rule, no injustice occurred when only one of several possible defendants was held liable for a plaintiff's damages; the plaintiff was fully compensated, and the defendant held liable could seek contribution, if any was to be had, from his cotortfeasors. Courts have acknowledged the nature of joint and several liability in the context of NRCP 19 by recognizing that cotortfeasors are not necessary parties under NRCP 19(a) because complete relief can be afforded to a plaintiff from a jointly and severally liable defendant, or a severally liable defendant, without the presence of other possible cotortfeasors. *See, e.g., Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (noting that " 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party to an action against another with like liability,' " and not a necessary one (quoting Fed. R. Civ. P. 19 advisory committee's notes to Rule 19(a) (1966 amendment))); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313-19 (3d Cir. 2007) (determining that other possible obligors were not necessary parties under Fed. Civ. P. 19 when a defendant was jointly and severally liable); *UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 389, 392-96 (D.N.J. 1995) (determining that

other possible obligors were not necessary parties under Fed. R. Civ. P. 19 when a defendant was severally liable).[1]

As we recognized in *Café Moda* and *Warmbrodt*, however, the Legislature has supplanted the traditional, common-law functioning of joint and several liability by enacting NRS 41.141. *Café Moda*, 128 Nev. at 80, 272 P.3d at 139; *Warmbrodt*, 100 Nev. at 707-08, 692 P.2d at 1285-86. As currently enacted, NRS 41.141(1) and (2)(a) abolish contributory negligence and allow a plaintiff to recover damages if his comparative negligence is not greater than that of a defendant (if the plaintiff has sued only one defendant) or the combined negligence of multiple defendants (if the plaintiff has sued multiple defendants). NRS 41.141(4) alters joint and several liability by permitting apportionment of fault and providing for several liability amongst negligent defendants ''[w]here recovery is allowed against more than one defendant.'' NRS 41.141(5) specifies certain theories under which defendants will remain jointly and severally liable.

In *Café Moda*, a case involving multiple defendants, we examined the interaction between NRS 41.141(4) and (5). *Café Moda* stemmed from an altercation between Palma, the plaintiff, and another patron on the premises of Café Moda. 128 Nev. at 79, 272 P.3d at 138. Palma, who was stabbed by the other patron, sued the assailant on a theory of intentional tort and Café Moda on a theory of negligence. *Id.* Café Moda asserted an affirmative defense of comparative negligence. The jury apportioned 80% of the fault to the assailant, 20% of the fault to Café Moda, and no fault to Palma. *Id.* The district court entered a judgment holding each of the defendants jointly and severally liable for 100% of Palma's damages based on the district court's reading of NRS 41.141. *Id.*

On appeal, we determined that NRS 41.141(4), in addition to eliminating joint and several liability between two defendants in a negligence action where a defendant asserts comparative negligence as a defense, also abolishes joint and several liability between an intentional tortfeasor and a negligent tortfeasor where the negligence theory of liability arises from the same injury as the intentional tort. *Id.* at 83, 272 P.3d at 141. Accordingly, we concluded that the assailant was jointly and severally liable for 100% of Palma's damages, while Café Moda was only severally liable for 20% of the total damages. *Id.*

In *Warmbrodt*, a case involving one defendant, we examined the effect of NRS 41.141(4) upon the defendant's liability in light of an absent tortfeasor. *Warmbrodt* arose from the alleged malpractice of accountants and attorneys. 100 Nev. at 705, 692 P.2d at 1284.

---

[1]We may consult the interpretation of a federal counterpart to a Nevada Rule of Civil Procedure as persuasive authority. *Coury v. Robison*, 115 Nev. 84, 91 n.4, 976 P.2d 518, 522 n.4 (1999).

The attorneys were dismissed from the action at summary judgment, and the case against the accountants proceeded to trial. *Id.* at 706, 692 P.2d at 1284. The jury was instructed to compare and assign the negligence of the plaintiffs, the accountants, and the attorneys. *Id.* The jury apportioned 90% of the fault to the accountants, 10% of the fault to the attorneys, and no fault to the plaintiffs,˙ and the judge deducted 10% from the total damages in the award given to the plaintiffs against the accountants. *Id.*

On appeal, we determined that the district court erred when it instructed the jury to consider the negligence of the attorneys and assign fault to them. *Id.* at 707-09, 692 P.2d at 1285-86. In particular, we construed the "plain language" of NRS 41.141(4) as "requir[ing] apportioning of liability ·'among the *defendants*,' and then only '[w]here recovery is allowed against more than one *defendant*' in an action." *Id.* at 708, 692 P.2d at 1286 (quoting NRS 41.141(4)). Thus, we noted the Legislature's contrasting use of "defendant" and "defendants" and held that where recovery was not allowed against more than one defendant, "the statute did not limit the liability of a sole defendant." *Id.* Accordingly, we concluded that the district court erred when it instructed the jury to apportion fault between the attorneys and accountants, and we held that the accountants were jointly and severally liable for 100% of the damages suffered by the plaintiffs. *Id.* at 709, 692 P.2d at 1286.

Thus, *Café Moda, Warmbrodt,* and NRS 41.141 indicate that a negligent defendant·should be held severally liable only for the percentage of fault apportioned to· it where a plaintiff has sued multiple tortfeasors and recovery is allowed against more than one defendant. *See Café Moda,* 128 Nev. at 83, 272 P.3d at 140 (noting that the amendments to NRS 41.141 that returned several liability to multiple defendants was "designed to prevent the deep-pocket doctrine" (internal quotations omitted)); *Warmbrodt,* 100 Nev. at 707-08, 692 P.2d at 1285-86 (holding that liability could not be apportioned when recovery was allowed against only one defendant). While allowing a plaintiff to pursue an action against only one negligent defendant for the entirety of the plaintiff's damages is contrary to the policy of applying several liability to a deep-pocket defendant, the statutory scheme in NRS 41.141(4) applies several liability only when there is "more than one defendant," and here, there is only one defendant. Thus, as illustrated in *Warmbrodt,* without Ferrell as a party, NRS 41.141(2)(b)(2) does not permit the fact-finder to apportion fault between Ferrell and New York-New York, and without Ferrell as a defendant, NRS 41.141(4) does not permit the district court to apply several liability to New York-New York. 100 Nev. at 708-09, 692 P.2d at 1286. Accordingly, NRS 41.141 encompasses the circumstances here, wherein the plaintiff has sued one tortfeasor amongst multiple cotortfeasors,

and the statute does not change the result reached under the traditional joint and several liability analysis: the defendant is still jointly and severally liable for the entire judgment against it.[2]

In light of NRS 41.141(4)'s apportionment of fault and NRS 41.141(2)(b)(2)'s limitation on assignment of fault to parties to the action, we are not persuaded to alter the traditional analysis of whether cotortfeasors are necessary parties under NRCP 19(a) when a jointly and severally liable defendant is sued. Under NRCP 19(a)(1), a plaintiff may still be afforded complete relief against the liable defendant(s) he sues, regardless of the existence of other cotortfeasors. *See Potts v. Vokits*, 101 Nev. 90, 92, 692 P.2d 1304, 1306 (1985) (holding that absent parties would not preclude complete relief from being accorded to the plaintiff and defendant); *see also Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought."); *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) ("[T]he court must decide if *complete relief* is possible among those already parties to the suit. This analysis is independent of the question whether relief is available to the absent party."). That a defendant may have a cause of action for contribution against a cotortfeasor does not preclude complete relief between the plaintiff and defendant. Similarly, under NRCP 19(a)(2), a cotortfeasor's ability to dispute his liability to the plaintiffs will not be impacted by an action to which the cotortfeasor is not a party, and the defendant will not be subject to inconsistent obligations. *See Gen. Refractories Co.*, 500 F.3d at 318-19 (determining that the defendant would not be subject to inconsistent obligations under Fed. R. Civ. P. 19(b)); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406-13 (3d Cir. 1993) (same). Accordingly, a cotortfeasor is not a party necessary to a plaintiff's action against another cotortfeasor.

Policy considerations also militate against a per se rule requiring a plaintiff to join cotortfeasors to an action as necessary parties. For example, if a plaintiff is unable to join a tortfeasor because the tortfeasor is unknown, immune from liability, or outside

---

[2]Although the Legislature enacted several liability for negligent defendants "to prevent the 'deep-pocket doctrine,'" *Café Moda*, 128 Nev. at 83, 272 P.3d at 140 (quoting Hearing on A.B. 249 Before the Senate Judiciary Comm., 65th Leg. (Nev., March 8, 1989)), the Legislature did not indicate that several liability should be applied in cases such as this where the plaintiff sued only one defendant. We decline New York-New York's invitation to construe NRS 41.141(4) as doing so, and we leave it to the Legislature to consider the policies behind Nevada's comparative negligence statute and alter the law if they deem it advisable to do so. *See Berkson v. LePome*, 126 Nev. 492, 503, 245 P.3d 560, 568 (2010) (leaving alterations of the statutes of limitations to the Legislature).

the court's jurisdiction, dismissal for failure to join the tortfeasor as a necessary and indispensable party would prevent a plaintiff from recovering any damages and force a plaintiff to bear the entire burden of the damages, regardless of the original defendant's availability or fault. Indeed, for a negligent tortfeasor to accrue any liability at all, the tortfeasor must be the proximate cause of the injury and thus is not without fault. NRS 41.141(1) and (2)(a) further protect a negligent tortfeasor who is the sole defendant in an action by eliminating the tortfeasor's liability where the plaintiff's percentage of fault is greater than the tortfeasor's percentage of fault. Placing the risk of an unknown, immune, or unavailable intentional tortfeasor on an available and at-fault tortfeasor is more equitable than dismissal for failure to join a necessary party. Thus, policy considerations behind the apportionment of liability do not support treating cotortfeasors as necessary parties under NRCP 19(a).

Finally, we note that New York-New York has the ability to implead Ferrell on a theory of contribution, which will afford New York-New York some relief without requiring joinder of a cotortfeasor as a necessary party under NRCP 19(a). *Pack v. LaTourette*, 128 Nev. 264, 268, 277 P.3d 1246, 1249 (2012). In *Pack*, the original defendant, a taxicab driver who injured the original plaintiff in an automobile accident, discovered that the third-party defendant, a doctor, might have contributed to the plaintiff's injuries through negligent treatment and sought to implead the doctor to assert a claim of contribution. *Id.* at 266, 277 P.3d at 1247-48. This court held that under NRCP 14(a), a defendant ''may implead a third-party defendant based on an inchoate claim for contribution.'' *Id.* at 269, 277 P.3d at 1249. This court further held that this includes ''the possibility of joining a third-party defendant 'against whom a cause of action has not yet accrued.' '' *Id.* (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1451 (3d ed. 2010)). A right to contribution exists ''where two or more persons become jointly or severally liable in tort for the same injury to [a] person . . . even though judgment has not been recovered against all or any of them.'' NRS 17.225(1).[3] Furthermore, contribution claims are not limited to original defendants, as the third-party defendant in *Pack* also was not a defendant in the plaintiff's original claim. 128 Nev. at 265-66, 277 P.3d at 1247.

---

[3]In contrast, some states only permit a defendant to implead a third-party defendant for a contribution claim where there is a *joint* judgment against the two defendants. *E.g.*, Cal. Civ. Proc. Code § 875 (West 1980); N.Y. C.P.L.R. § 1401 (McKinney 1997). This precludes contribution claims where the tortfeasor from whom the defendant seeks contribution is not a defendant in the original action. However, under Nevada law, such an interpretation of NRCP 14(a) would be inconsistent with NRS 17.225(1).

While Nevada law allows a defendant to implead a third-party defendant, it does not require the original plaintiff to accept the third-party defendant as a defendant in the plaintiff's case. *Reid v. Royal Ins. Co.*, 80 Nev. 137, 141, 390 P.2d 45, 47 (1964). Impleader thus provides an avenue to apportion fault when the plaintiff chooses not to pursue a claim against a potential tortfeasor. By not requiring the plaintiff to join a cotortfeasor while permitting the defendant to implead that tortfeasor, we place the burden of joining a nonparty onto the party that has an incentive to bring that nonparty into the litigation.

If New York-New York impleads Ferrell as a third-party defendant, the district court should apply those provisions of NRS 41.141 that are applicable to the action. NRS 41.141(1) and (2)(a) require that the plaintiff's fault not be greater than the defendant's. Humphries and Rocha cannot recover against New York-New York if their percentage of fault is greater than New York-New York's, even if their percentage of fault is less than New York-New York's and Ferrell's combined percentages of fault. NRS 41.141(2)(a). If Humphries and Rocha can recover, then the jury should render a special verdict "indicating the percentage of negligence attributable to each party remaining in the action," including the third-party defendant, Ferrell. NRS 41.141(2)(b)(2). As the only "defendant" that Humphries and Rocha sued, New York-New York will be jointly and severally liable for the entire judgment, NRS 41.141(4), but it will be able to seek contribution from Ferrell for the portion of fault that the jury attributed to him.

Thus, we conclude that the district court's order compelling joinder of Ferrell as a necessary party under NRCP 19(a) was in error. Impleader of Ferrell by New York-New York under NRCP 14 provides a mechanism to apportion damages. Requiring joinder under NRCP 19(a) is premised on the notion that without compelling joinder of Ferrell as a necessary party, complete relief cannot be afforded to the parties. However, complete relief may be afforded between Humphries and Rocha and New York-New York without Ferrell's joinder, and New York-New York can pursue apportionment of fault without Ferrell's joinder through impleader under NRS 17.225(1) and NRCP 14(a), even though New York-New York cannot avail itself of several liability apportioned amongst multiple defendants under NRS 41.141(4). *See Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 388 n.4, 168 P.3d 87, 91 n.4 (2007) (noting that the purpose of a contribution claim is to apportion damages between cotortfeasors).

Accordingly, Ferrell is not a necessary party under NRCP 19(a), and the district court erred by compelling Humphries and Rocha to

join Ferrell. We therefore grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order compelling Ferrell's joinder and to enter an order denying New York-New York's motion to compel Ferrell's joinder as a necessary party.

HARDESTY and CHERRY, JJ., concur.