137 Nev., Advance Opinion 39

IN THE SUPREME COURT OF THE STATE OF NEVADA

ENDO HEALTH SOLUTIONS, INC.;
ENDO PHARMACEUTICALS INC.;
TEVA PHARMACEUTICALS USA, INC.;
MCKESSON CORPORATION;
AMERISOURCEBERGEN DRUG
CORPORATION; CARDINAL HEALTH,
INC.; CARDINAL HEALTH 6 INC.;
CARDINAL HEALTH TECHNOLOGIES
LLC; CARDINAL HEALTH 108 LLC,
D/B/A METRO MEDICAL SUPPLY;
CEPHALON, INC.; ALLERGAN USA,
INC.; ALLERGAN FINANCE, LLC,
F/K/A ACTAVIS, INC., F/K/A WATSON
PHARMACEUTICALS, INC.; WATSON
LABORATORIES, INC.; ACTAVIS
PHARMA, INC., F/K/A WATSON
PHARMA, INC.; AND ACTAVIS LLC;
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
BARRY L. BRESLOW, DISTRICT
JUDGE,
Respondents,
    and
CITY OF RENO,
Real Party in Interest.

No. 81121

FILED

JUL 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying in part a motion to dismiss in a tort action.

*Petition granted in part and denied in part.*

21- 21976

McDonald Carano LLP and Pat Lundvall and Amanda C. Yen, Las Vegas; Arnold & Porter Kaye Scholer LLP and John D. Lombardo and Jake R. Miller, Los Angeles, California,
for Petitioners Endo Health Solutions, Inc., and Endo Pharmaceuticals, Inc.

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Abraham G. Smith, Joel D. Henriod, and J. Christopher Jorgensen, Las Vegas; Williams & Connolly LLP and Suzanne Marguerite Salgado and Joseph S. Busher, Washington, D.C.,
for Petitioners Cardinal Health 108 LLC, Cardinal Health 6 Inc., Cardinal Health Technologies LLC, and Cardinal Health, Inc.

Hymanson & Hymanson PLLC and Philip M. Hymanson, Las Vegas; Morgan, Lewis & Bockius LLP and Collie F. James, IV, and Adam D. Teitcher, Costa Mesa, California,
for Petitioners Actavis LLC, Actavis Pharma, Inc., Cephalon, Inc., Teva Pharmaceuticals USA, Inc., and Watson Laboratories, Inc.

Morris Law Group and Steve L. Morris and Rosa Solis-Rainey, Las Vegas; Covington & Burling LLP and Nathan E. Shafroth, San Francisco, California,
for Petitioner McKesson Corporation.

Semenza Kircher Rickard and Lawrence J. Semenza, III, Christopher D. Kircher, and Jarrod L. Rickard, Las Vegas; Reed Smith LLP and Rachel B. Weil, Philadelphia, Pennsylvania; Reed Smith LLP and Steven J. Boranian, San Francisco, California,
for Petitioner AmerisourceBergen Drug Corporation.

Olson Cannon Gormley & Stoberski and Max E. Corrick, II, Las Vegas,
for Petitioners Allergan Finance, LLC, and Allergan USA, Inc.

Eglet Adams and Robert T. Eglet, Robert M. Adams, Cassandra S. Cummings, and Richard K. Hy, Las Vegas; Bradley Drendel & Jeanney and Bill Bradley and Mark C. Wenzel, Reno,
for Real Party in Interest City of Reno.

 

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, HARDESTY, C.J.:

NRS 268.0035(1), Nevada's modified version of Dillon's Rule, limits an incorporated city's powers to those expressly granted to it, those necessarily implied from an express grant of power, or those "necessary or proper to address matters of local concern." In this writ petition, we must determine whether NRS 268.0035's limitations on a city's powers apply to a city's ability to bring a lawsuit and, if so, whether the City of Reno has the power to bring the underlying action against pharmaceutical companies. We hold that NRS 268.0035's limitations apply to a city's ability to litigate, such that the city's power to maintain a lawsuit must be derived from an express grant of power or fall within a "matter of local concern" as defined in NRS 268.003(1). The City has not pointed to any express authority granting it the power to maintain the underlying action. Though the district court found that the action involved a "matter of local concern," the district court did not properly apply the statutory definition and make sufficient findings in that regard. We therefore grant the petition in part and direct the district court to determine whether the underlying action falls under the statutory definition of a "matter of local concern."

*FACTS AND PROCEDURAL HISTORY*

Petitioners are manufacturers and distributors of prescription opioid medications (collectively, Endo). Real party in interest City of Reno filed suit against Endo "to recover . . . damages as a result of the opioid

---

[1]The Honorable Ron Parraguirre and the Honorable Kristina Pickering, Justices, did not participate in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

epidemic" that the City alleges Endo caused. The City asserted, among other claims, various tort claims against Endo for public nuisance, common law public nuisance, negligence, and unjust enrichment. In its prayer for relief, the City sought "to stop [d]efendants' promotion and marketing of opioids for inappropriate uses in Nevada, currently and in the future." The City cited the widespread effect that opioid addiction has brought on the entire country as a whole, the State of Nevada, and the City of Reno. This lawsuit is not unique, as governmental entities throughout the country, including the State of Nevada itself and other cities throughout the state, have filed lawsuits alleging similar claims.

Endo moved to dismiss the underlying action, arguing, as relevant here, that the action is barred under Dillon's Rule.[2] The district court denied in part Endo's motion to dismiss, finding that Dillon's Rule does not bar the underlying lawsuit for two reasons: (1) Dillon's Rule only limits a city's power to pass ordinances and regulations and conduct other nonlitigious activities and does not apply to a city's ability to bring lawsuits; and (2) even if it does apply, the underlying lawsuit falls within the "matter of local concern" exception to Dillon's Rule. Endo filed this writ petition arguing that Dillon's Rule bars the underlying lawsuit.

## DISCUSSION

*We elect to exercise our discretion to entertain the petition*

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also Humphries v.*

---

[2]The traditional Dillon's Rule is set forth in NRS 268.001(3).

*Eighth Judicial Dist. Court*, 129 Nev. 788, 791, 312 P.3d 484, 486 (2013). Traditional mandamus relief is warranted when

> (1) [t]he petitioner [demonstrates] a legal right to have the act done which is sought by the writ; (2) . . . the act which is to be enforced by the mandate is that which it is the plain legal duty of the respondent to perform, without discretion on his part either to do or refuse; (3) . . . the writ will be availing as a remedy, and . . . the petitioner has no other plain, speedy, and adequate remedy.

*Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (internal quotation marks omitted). Although this court generally declines to consider writ petitions that challenge orders denying motions to dismiss, this court will exercise its discretion to consider one when "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *City of Mesquite v. Eighth Judicial Dist. Court*, 135 Nev. 240, 243, 445 P.3d 1244, 1248 (2019) (internal quotation marks omitted).

We elect to entertain this writ petition because Endo has a clear legal right to have NRS 268.0035(1) applied to the underlying action. And, if the City does not satisfy NRS 268.0035(1)'s requirements, the district court has a plain legal duty to dismiss the underlying action in its entirety. Additionally, because we conclude that the district court has misapplied NRS 268.003, mandamus relief is warranted. *See Walker*, 136 Nev., Adv. Op. 80, 476 P.3d at 1197 (providing that "mandamus [relief] is available only where the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable" (internal quotation marks omitted)). This case also presents an important issue of first impression that affects several other pending cases, and considerations of sound judicial economy and administration militate in favor of entertaining this petition because

multiple cities throughout Nevada have filed similar lawsuits, presenting the same issue.

*Nevada modified the traditional Dillon's Rule as it applies to incorporated cities*

Nevada courts have long applied the common-law principle known as Dillon's Rule, which "defin[es] and limit[s] the powers of local governments." NRS 268.001(1). Under Dillon's Rule, a city has only those powers (1) expressly granted to it by the Nevada Constitution, statute, or city charter; (2) necessarily or fairly implied by the express powers; or (3) "essential to the accomplishment of the declared objects and purposes of the city and not merely convenient but indispensable." NRS 268.001(3). In 2015, the Nevada Legislature enacted statutes modifying the application of Dillon's Rule to incorporated cities, *see* 2015 Nev. Stat., ch. 465, § 2, at 2700-02, reasoning that "a strict interpretation and application of Dillon's Rule unnecessarily restricts the governing body of an incorporated city from taking appropriate actions that are necessary or proper to address matters of local concern," NRS 268.001(5). In doing so, the Legislature codified part of Dillon's Rule but modified it to provide cities with greater authority to address matters of local concern. *See* NRS 268.001(6); NRS 268.0035(1). The Legislature explained that although Dillon's Rule "serves an important function in defining the powers of city government and remains a vital component of Nevada law," it should not impede cities from "responding to and serving the needs of local citizens diligently, decisively and effectively." NRS 268.001(5).

To ensure that incorporated cities can appropriately address matters of local concern, the Legislature modified Dillon's Law in two key respects. First, in addition to express and implied powers, *see* NRS 268.0035(1)(a)-(b), the Legislature granted incorporated cities "[a]ll other

SUPREME COURT
OF
NEVADA

(O) 1947A

6

powers necessary or proper to address matters of local concern for the effective operation of city government, whether or not the powers are expressly granted to the governing body," NRS 268.0035(1)(c); *see also* NRS 268.001(6) (explaining that NRS 268.0035 expressly grants and delegates these powers "so that the governing body may adopt city ordinances and implement and carry out city programs and functions for the effective operation of city government"). Second, it established a presumption in favor of cities' powers: "[i]f there is any fair or reasonable doubt concerning the existence of a power of the governing body to address a matter of local concern . . . , it must be presumed that the governing body has the power unless the presumption is rebutted by evidence of a contrary intent by the Legislature." NRS 268.0035(1)(c); *see also* NRS 268.001(6)(b). Thus, as set forth in NRS 268.0035(1), the powers of an incorporated city's governing body are limited to those expressly granted to it, necessarily implied from the express powers granted to it, or "necessary or proper to address matters of local concern for the effective operation of city government."

*The modified Dillon's Rule applies to a city's ability to bring lawsuits*

The district court opined that Dillon's Rule only applies to a city's nonlitigious activities, such as passing local ordinances or signing contracts, not to a city's ability to litigate. Similarly, the City argues that the word "powers" in NRS 268.001(3) does not refer to a city's ability to file lawsuits; rather, it refers to a city's ability to "create, regulate, and tax." Conversely, Endo argues that the term "powers" as used in NRS 268.001(3) includes a city's ability to bring lawsuits. Otherwise, Endo asserts, cities would hold an unfettered power to sue, rendering superfluous statutes under NRS Chapter 268 that explicitly grant cities the power to file certain lawsuits.

"This court reviews questions of statutory construction de novo." *Chur v. Eighth Judicial Dist. Court*, 136 Nev. 68, 71, 458 P.3d 336, 339 (2020). "If the plain meaning of a statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." *Id.* (alteration in original) (internal quotation marks omitted).

Although the parties reference NRS 268.001, as discussed above, NRS 268.0035, which is entitled "[p]owers of governing body," modified Dillon's Rule as set forth in NRS 268.001(3). NRS 268.0035(1)(c) makes it clear that an incorporated city has "[a]ll other powers necessary or proper to address matters of local concern." "Power" is defined as "[t]he legal right or authorization to act or not act; a person's or organization's ability to alter, by an act of will, the rights, duties, liabilities, or other legal relations either of that person or of another." *Power*, *Black's Law Dictionary* (10th ed. 2014). The plain meaning of "power" is broad enough to encompass lawsuits because the definition includes authorization to act and to alter rights, liabilities, and other legal relationships.

Further, looking at the surrounding statutes within NRS Chapter 268, titled *"Powers* and Duties Common to Cities . . . ," the Legislature has enumerated specific instances in which a city may bring a civil lawsuit.[3] Interpreting the modified Dillon's Rule so as not to include lawsuits in its limitations would grant cities an unfettered power to sue,

---

[3]*See* NRS 268.408(2) (enabling a "city [to] bring an action against a person responsible for placing graffiti on the property of the city to recover a civil penalty and damages"); NRS 268.4124(1), (2)(c) (enabling the city attorney to file an action to deal with a chronic nuisance); NRS 268.4126(1), (2)(c)(1) (enabling the city attorney to file an action to deal with an abandoned nuisance); NRS 268.4128(1)(b)(1) (enabling a city attorney to file a civil action to recover damages from "[a]ny member of a criminal gang that is engaging in criminal activities within the city").

rendering the remaining civil lawsuit statutes under the chapter superfluous. *See Williams v. State, Dep't of Corr.*, 133 Nev. 594, 596, 402 P.3d 1260, 1262 (2017) (declaring that "[t]his court avoid[s] statutory interpretation that renders language meaningless or superfluous, and whenever possible . . . will interpret a rule or statute in harmony with other rules or statutes" (second alteration in original) (citation and internal quotation marks omitted)); *see also Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge 964 v. BF Goodrich Aerospace Aerostructures Grp.*, 387 F.3d 1046, 1057 (9th Cir. 2004) (reasoning that "we must presume that, [a]bsent clear congressional intent to the contrary, . . . the legislature did not intend to pass vain or meaningless legislation" (alterations in original) (internal quotation marks omitted)).

We also decline the City's invitation to interpret NRS 268.0035(3) as the only limitations on the City's power to litigate. The City argues that "[s]o long as the City's litigation does not fit into one of the prohibited forms of action identified in NRS 268.0035(3) and does not otherwise infringe on any state regulations," the litigation is valid. This is incorrect. As provided in subsection (1), in the first instance, a city only has the powers expressly granted to it, implied from express grants of power, or those necessary or proper to address matters of local concern. NRS 268.0035(1). Subsection (3) places further limitations on a city, but it does not state that a city may exercise *any* power so long as it is not limited by NRS 268.0035(3). Thus, we hold that the modified Dillon's Rule applies to

a city's power to bring lawsuits, and the district court's conclusion to the contrary was erroneous.[4]

*The subject matter of the City's lawsuit may constitute a matter of local concern*

Having concluded that the modified Dillon's Rule applies to the underlying lawsuit, we must next determine whether the City has demonstrated that it has the power to bring the lawsuit. With respect to the first two pathways, express power and that necessarily implied therein, any reasonable doubt as to whether the city has a power is resolved against it. *See* NRS 268.001(4). But, "[i]f there is any fair or reasonable doubt concerning the existence of a power of the governing body to address *a matter of local concern* . . . , it must be presumed that the governing body has the power unless the presumption is rebutted by evidence of a contrary intent by the Legislature." NRS 268.0035(1)(c) (emphasis added). Thus, the City must either point to an express grant of power or one implied from an express power granted in the Nevada Constitution, a statute, or the city charter, or demonstrate that its action satisfies the definition of a matter of local concern, which is set forth in NRS 268.003.

In this case, the City has not pointed to any express power or one implied from an express power that grants it the authority to bring the

---

[4]In reaching its conclusion that Dillon's Rule does not limit the City's ability to litigate, the district court relied upon NRS 266.190, which allows a city's mayor to sue to enforce contracts. Both parties agree that the district court's reliance upon this statute was erroneous; therefore, we do not address it. *See* NRS 266.005 (providing that the provisions in NRS Chapter 266 are "not [ ] applicable to incorporated cities in the State of Nevada organized and existing under the provisions of any special legislative act or special charter").

underlying lawsuit.[5] The question remains, then, whether the City's lawsuit falls within the definition of a "matter of local concern." NRS 268.003(1) defines a matter of local concern in relevant part as a matter that meets the following standard:

> (a) Primarily affects or impacts areas located in the incorporated city, or persons who reside, work, visit or are otherwise present in areas located in the city, and does not have a significant effect or impact on areas located in other cities or counties;

> (b) Is not within the exclusive jurisdiction of another governmental entity; and

> (c) Does not concern:

> > (1) A state interest that requires statewide uniformity of regulation;

> > (2) The regulation of business activities that are subject to substantial regulation by a federal or state agency; or

> > (3) Any other federal or state interest that is committed by the Constitution, statutes or regulations of the United States or this State to federal or state regulation that preempts local regulation.

The district court concluded that the City's lawsuit was a matter of local concern but did so based upon its own definition of that term, not NRS 268.003's definition. The district court reasoned that "Reno states a cognizable local concern by virtue of the impact the alleged conduct has had on its citizens' health, safety and welfare, including the concomitant

---

[5]Upon this court's request, the parties provided supplemental briefing concerning language in the Reno City Charter that provides that the City "may sue or be sued in all courts." *See* Reno City Charter, Art. I, § 1.020. The parties did not originally brief this issue, and given our disposition, we do not address it further.

stress placed on its police, fire, and social services." We conclude that this was erroneous. The district court was required to strictly apply the statutory definition of "matter of local concern" as set forth in NRS 268.003 to determine if the City's lawsuit meets that definition. If the lawsuit does not meet that definition, then the City does not have authority to maintain the underlying action.

Because we conclude that the modified Dillon's Rule applies to a city's ability to bring a lawsuit, and because the district court misapplied the definition of a matter of local concern, we grant the petition in part and instruct the clerk of this court to issue a writ of mandamus directing the district court to reconsider the motion to dismiss and, in so doing, apply the definition of a "matter of local concern," as set forth in NRS 268.003, to the City's claims. All further relief requested in Endo's writ petition is denied.

_____, C.J.
Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A